CLOVIS I, CARL E. AND HAZEL E. LOVELL, SR., PERSONS OTHER THAN TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 44228-86.          Filed April 21, 1987.

Carl E. and Hazel E. Lovell, Sr., pro se.
*Paul L. Dixon*, for the respondent.

## OPINION

WILLIAMS, *Judge*:* This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that respondent has not mailed a notice of final partnership administrative adjustment (FPAA) for the partnership items that are the subject of the petition. See sec. 6223(a)(2).[1] The mailing of a FPAA is a prerequisite to the commencement of a partnership action. Sec. 6226(a)(1);[2] Rule 240(c), Tax Court Rules of Practice and Procedure; *Maxwell v. Commissioner*, 87 T.C. 783, 788 (1986). The issue we must decide is, however, one of first impression: whether the document mailed to petitioner is a FPAA.

Petitioner Carl E. and Hazel E. Lovell, Sr.,[3] resided at Las Vegas, Nevada, at the time the petition was filed.

On August 5, 1986, respondent mailed to petitioner two letters proposing adjustments to the returns of Clovis I for its taxable years ended December 31, 1982 and 1983. Clovis I is a partnership in which the Lovells were a partner

---

*By order of the Chief Judge, this case was assigned to Judge Williams for decision and opinion.

[1]All section references are to the Internal Revenue Code of 1954 as in effect for the years before the Court unless otherwise specified.

SEC. 6223. NOTICE TO PARTNERS OF PROCEEDINGS.

(a) SECRETARY MUST GIVE PARTNERS NOTICE OF BEGINNING AND COMPLETION OF ADMINISTRATIVE PROCEEDINGS.—The Secretary shall mail to each partner whose name and address is furnished to the Secretary notice of—

\* \* \* \* \* \* \*

(2) the final partnership administrative adjustment resulting from any such proceeding.

[2]SEC. 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS.

(a) PETITION BY TAX MATTERS PARTNER.—Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of partnership items for such taxable year with—

(1) the Tax Court,

[3]A husband and wife owning a partnership interest jointly are treated as one person for purposes of the partnership audit and litigation provisions. Sec. 6231(a)(12).

during 1982 and 1983. In addition to a form cover letter on Internal Revenue Service letterhead for each year, petitioner also received a settlement agreement (Form 870-P) and a schedule of proposed adjustments. Each cover letter identifies Clovis I, the taxable year at issue, the return under examination (Form 1065), and provides a telephone number. Each letter states:

> We are proposing adjustments to the return shown above. We will send our examination report explaining these adjustments to the Tax Matters Partner (the Representative of the Partnership for dealing with the IRS). If any other partner desires a copy of the examination report, he or she should request it from the Tax Matters Partner. If the Tax Matters Partner is unable to furnish copies, the partner should contact the person named above and the desired information will be provided.

The FPAA is to the litigation of partnership items and affected items pursuant to the partnership audit and litigation provisions of section 6221 et seq., what the statutory notice of deficiency is to tax controversies before this Court that involve respondent's determination of a deficiency, i.e., it is the notice to affected taxpayers that respondent has made a final administrative determination for particular tax years. Issuance of a FPAA is a prerequisite to an assessment arising out of partnership items or affected items. Sec. 6225(a); *Maxwell v. Commissioner*, 87 T.C. 783, 791 (1986). As with a statutory notice of deficiency, however, the statute does not explicate what constitutes a FPAA. Compare sec. 6212 with sec. 6223(a) and sec. 6213(a) with secs. 6225(a) and 6226.

Because of the similar functions of the FPAA and the statutory notice of deficiency, we are convinced that the long established principle applicable to notices of deficiency, viz, that no particular form is necessary, should apply with equal force to a FPAA. Cf., e.g., *Foster v. Commissioner*, 80 T.C. 34, 229 (1983), affd. in part, vacated in part 756 F.2d 1430 (9th Cir. 1985). As a corollary principle, whatever form a FPAA takes, it must minimally give notice to the taxpayer that respondent has *finally* determined adjustments to the partnership return. Cf. *Olsen v. Helvering*, 88 F.2d 650 (2d Cir. 1937).[4]

---

[4] We are not holding that every principle guiding opinions on the nature of a statutory notice of deficiency is applicable in deciding whether a document is a FPAA. There are important

The document that petitioner believes to be a FPAA appears on its face to be a proposal and not a final administrative decision. The letter states what respondent *proposes*. A FPAA, by contrast, would state what respondent *had determined* (or equivalent language). Furthermore, the letter specifically provides petitioner with the opportunity for additional administrative consideration by one of respondent's appeals officers and instructions on how to proceed to obtain that administrative review. Finally, the letter emphasizes the preliminary nature of respondent's proposals and the importance of the availability of the administrative appeal with the following caveat:

If we do not receive a written protest from one or more partners within 60 days and you have not executed * * * [the proposed settlement agreement], we will process this case based on the schedule of partnership adjustments and issue a notice of final partnership administrative adjustment.

The notices at issue are comparable to the "30-day letter" that normally precedes a statutory notice of deficiency. Like such a 30-day letter, the notices do not announce any determination but provide the taxpayer with respondent's proposed adjustments so that an effective administrative appeal can be undertaken. Cf., e.g., *Abrams v. Commissioner*, 84 T.C. 1308 (1985), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. *Alford v. Commissioner*, 800 F.2d 987 (10th Cir. 1986), *Donley v. Commissioner*, 791 F.2d 383 (5th Cir. 1986), *Spector v. Commissioner*, 790 F.2d 51 (8th Cir. 1986), *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir. 1986); *Lerer v. Commissioner*, 52 T.C. 358 (1969); *Fidelity Insurance Agency v. Commissioner*, 1 B.T.A. 86 (1924). In this case no FPAA has been issued; consequently, the petition was prematurely filed, and we lack jurisdiction to consider this case.

*An order of dismissal will be entered.*

differences that may suggest divergent considerations, e.g., because the adjustments are not to the individual taxpayer's return but to the partnership's return and because of the need for specific knowledge of potential adjustments, a stricter notice requirement may well be appropriate. We reserve that judgment, however, until a case requiring its exercise is presented to us.