BYRD INVESTMENTS, THOMAS A. BLUBAUGH, A PARTNER
OTHER THAN THE TAX MATTERS PARTNER, PETITIONER
v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 36605-86.        Filed July 2, 1987.

1

*William A. Duerk* and *Susan E. Kestner*, for the petitioner.

*Deborah A. Butler*, for the respondent.

WILLIAMS, *Judge*:* This case is before us on respondent's motion to dismiss for lack of jurisdiction because the petition was not filed within the time prescribed by section 6226(b)(1) of the partnership audit and litigation procedures of subchapter C, chapter 63, subtitle F of the Internal Revenue Code of 1954, section 6221 et seq.[1] A hearing was held on respondent's motion to dismiss on April 1, 1987, at Washington, D.C.

Petitioner concedes that the petition was not timely filed but contends that section 6226(b)(1) violates the Fifth Amendment's due process clause because it fails to provide partners other than the tax matters partner with adequate notice of the period within which they have to file a petition with this Court. Petitioner did receive actual notice within sufficient time to protect his rights.

The Commissioner determined adjustments to Byrd Investments' 1982 partnership return, disallowing $1,198,544 in claimed deductions, income, gains, and losses on the ground that the claimed transactions lacked economic reality. In addition, the Commissioner determined additions to tax pursuant to section 6653(a)(1), section 6653(a)(2), and section 6661 that would be applied against the individual partners. The issue we must decide is whether the notice petitioner received pursuant to section 6226(b)(1) was constitutionally inadequate under the Fifth Amendment's due process requirements.

---

*By order of the Chief Judge, this case was assigned to Judge Williams for the sole purpose of disposing of respondent's motion to dismiss.

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

## FINDINGS OF FACT

For purposes of this motion, the facts are not in dispute. Byrd Investments is a partnership formed after September 3, 1982, to which the partnership audit and litigation procedures (sec. 6221 et seq.), apply. Petitioner Thomas A. Blubaugh is a notice partner of Byrd Investments within the meaning of section 6231(a)(8). At the time the petition was filed, Byrd Investments had its principal place of business, and petitioner resided, at Mulberry, Florida.

On April 1, 1986, respondent mailed a notice of final partnership administrative adjustment (FPAA) dated March 31, 1986[2] to "John T. Jaeger, Tax Matters Partner, or alternatively Ralph T. Senter, Tax Matters Partner, Byrd Investments" at four separate addresses at which Jaeger had indicated he could be contacted. On April 1, 1986, respondent also mailed copies of the FPAA dated March 31, 1986, to each notice partner. The 90-day period following the date of mailing of the FPAA to the tax matters partner during which only the tax matters partner could file a petition for redetermination of partnership adjustments pursuant to section 6226(a)(1) expired on June 30, 1986. The subsequent 60-day period within which a notice partner could file a petition for redetermination pursuant to section 6226(b)(1) expired on August 29, 1986.

One of the addresses at which tax matters partner Jaeger indicated that he could be located was petitioner's address, and petitioner received a copy of the FPAA addressed to John T. Jaeger, Tax Matters Partner. Petitioner concedes that respondent also mailed a copy of the FPAA to him as a notice partner but does not have a copy of it.[3]

The FPAA addressed to Jaeger was dated March 31, 1986, but was blank under the heading "Date FPAA Mailed to

---

[2]The packages were prepared by workers on the night shift at respondent's Austin service center between 5 p.m. on Mar. 31, 1986, and 2:30 a.m. on Apr. 1, 1986, and mailed when the post office opened on Apr. 1, 1986.

[3]Petitioner's counsel was not sure of precisely what petitioner received. Petitioner did not appear at the hearing. Counsel, however, spoke with petitioner and reported that he remembered receiving something and sending it to his accountant. The accountant ultimately forwarded whatever he received from petitioner to Hillcrest Legal Defense Fund, which represented petitioner in his partnership investments. Counsel for petitioner in the instant case are counsel for Hillcrest Legal Defense Fund. Counsel did not maintain adequate records and were unable to discern what documents they received from petitioner or when they received them.

Tax Matters Partner." The notice, a standard form notice of final partnership administrative adjustment, stated that respondent had determined adjustments to Byrd Investments' partnership return for its 1982 taxable year and listed a person to contact with questions. The notice further provided the following instructions for partners who wished to challenge respondent's proposed adjustments:

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. * * *

The notice partners received notices containing identical information and dated March 31, 1986.

Petitioner was familiar with Byrd Investments, as evidenced by his signature dated October 11, 1984, on an amended partnership return filed for Byrd Investments. Petitioner also knew Jaeger. When he received the FPAA addressed to Jaeger and concerning Byrd Investments, petitioner nonetheless made no effort either to contact Jaeger, to call the number listed on the notice, or otherwise to determine what he should do to protect his rights. Instead, he simply mailed the notice to his accountant and apparently forgot about it. When contacted by counsel at the Court's request during a recess in the hearing, petitioner recalled sending something to his accountant but could not recall what.[4] The accountant ultimately forwarded

---

[4]Hillcrest Legal Defense Fund had a retainer agreement with petitioner purportedly allowing counsel to file a petition on his behalf without contacting him first. Counsel did not speak with petitioner from before the petition was filed until the day of the hearing. At the Court's request, counsel called petitioner during a recess in the hearing and reported his limited recollection of his actions to the Court.

the documents he received to Hillcrest Legal Defense Fund, petitioner's counsel in partnership matters. Counsel has no record of receipt of an FPAA addressed to Jaeger or petitioner. Counsel did not discover that they had an FPAA for Byrd Investments until after August 29, 1986, the date the 150-day period for filing a petition expired.

The petition was sent via certified mail on September 8, 1986, and was filed on September 10, 1986. None of the other partners of Byrd Investments filed petitions. On November 17, 1986, respondent filed his motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner filed his objection to respondent's motion to dismiss on January 5, 1987, contending that section 6226(b)(1) is unconstitutional because it fails to provide adequate notice of the time within which a notice partner must file a petition for redetermination of respondent's proposed partnership adjustments.

### OPINION

Petitioner received a notice of final partnership administrative adjustment addressed to tax matters partner Jaeger in time to afford him notice that to protect his rights he had to file a petition with this Court on or before August 29, 1986. He argues, however, that the notice he received was procedurally inadequate because it did not expressly inform him of the date on which the FPAA was issued to the tax matters partner.

Petitioner has not suffered an injury traceable either to respondent's conduct or to a flaw in the statute. He received an FPAA addressed to Byrd Investment's tax matters partner in time to file a timely petition with this Court. Although the heading "Date Notice Mailed to Tax Matters Partner," which is the date the 150-day period for filing a petition begins to run pursuant to section 6226, was blank, the notice adequately apprised petitioner of what he had to do to protect his rights and of the time period within which he had to act. The notice was dated March 31, 1986. Petitioner contends that he had no way of knowing that the tax matters partner was issued an FPAA on the same date, and, in fact, the FPAA was mailed to the tax matters

partner on April 1, 1986.[5] As the date of the notice and as the only date on the notice, however, March 31, 1986, was the date that a reasonable person would believe the period for commencing a partnership action began to run. Moreover, because the notice that petitioner received was addressed to the tax matters partner, it was apparent that the date at the top of the notice was intended to be the date on which the filing period commenced. In addition, petitioner knew tax matters partner Jaeger and was familiar with Byrd Investments (and with respondent's examination of Byrd Investments). Yet he made no effort to ascertain from Jaeger how he should respond to the FPAA. Finally, the FPAA provided detailed instructions on the time periods within which the tax matters partner and notice partners could seek judicial review of respondent's partnership adjustments, and provided a phone number to call with any questions. Petitioner made no effort to contact respondent to determine what he had to do to protect his rights or why he had received an FPAA addressed to the tax matters partner.

We conclude that petitioner received adequate notice of the partnership proceedings in time to protect his rights.[6] Any injury that he has suffered as a result of filing his petition out of time was caused by his or his counsel's inaction and is not an injury traceable to respondent's conduct or a defect in the law. We note that due process requires notice that is "reasonably calculated, under all

[5]Although the notice was actually mailed on Apr. 1, 1986, rather than Mar. 31, 1986, the 150-day period for filing a petition expired on the same date because of a weekend. See sec. 7503. We note that if notice is mailed on a date later than the date on the notice, the petitioner normally will have additional time within which to file a petition and will, therefore, not be harmed by relying on the date on the notice.

[6]Petitioner argues, relying on *United States v. Raines*, 362 U.S. 17 (1960), that he should be permitted to assert his constitutional arguments on behalf of the other partners of Byrd Investments who may not have received notice and on behalf of partners in all other partnerships subject to the partnership audit and litigation procedures (sec. 6221 et seq.), who might potentially be harmed by the allegedly unconstitutional notice provisions. In *Raines*, the Supreme Court stated the general rule that a litigant may assert only his own constitutional rights, but noted that "where, as a result of the very litigation in question, the constitutional rights of one not a party would be impaired and where he has no effective way to preserve them himself, the Court may consider those rights as before it." 362 U.S. at 22.

In this case, however, petitioner has not established that "the constitutional rights of one not a party would be impaired." He argues that the other partners of Byrd Investments *may* not have filed petitions because they *may* not have received notice and that partners in other partnerships *may* also be harmed. As we stated at the hearing, we will not decide this case based on hypotheticals. Petitioner has presented no evidence that he or anyone else has actually been harmed by the allegedly defective notice provisions of sec. 6226(b)(1).

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The FPAA in this case did so and, therefore, did not deny petitioner due process.

We, therefore, grant respondent's motion to dismiss for lack of jurisdiction.

*An appropriate order will be entered.*