CHOMP ASSOCIATES, MELVIN E. PEARL, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19118-87.          Filed December 15, 1988.

*Rex A. Guest,* for the petitioner.

*Henry S. Schneiderman* and *John Q. Walsh, Jr.,* for the respondent.

OPINION

GERBER, *Judge:* Petitioner, pursuant to Rule 241,[1] filed a petition seeking readjustment of certain items determined in respondent's notice of final Partnership Administrative Adjustment (FPAA). Subsequently, both parties moved to dismiss for lack of jurisdiction. We must consider: (a) Whether the aforementioned notice is valid, pursuant to the allegations of petitioner's motion; and (b) whether Melvin E. Pearl (Pearl) was the tax matters partner and, therefore, the proper party to file a petition herein during the 90-day period under section 6226(a), pursuant to allegations in respondent's motion.

Our consideration of this case is based upon the record, including fully stipulated facts along with attached exhibits. Chomp Associates (Chomp) is an Illinois general partnership including, as partners, attorney Pearl and Flick Associates (Flick), an Illinois general partnership. More specifically, Chomp, on its 1983 Federal partnership income return, identified Pearl (3.5 percent), Flick (the largest at 67.8 percent), and eight other partners (28.7 percent) as having profit interests in Chomp. Pearl was named as tax matters partner (TMP) on the petition in this case. In addition to being a partner in Chomp, Pearl was a partner in the law firm that represented Chomp. Chomp filed its calendar year 1983 Federal partnership return (Form 1065) with the Kansas City Service Center and had its principal office in Chicago, Illinois, at all times relevant herein.

Respondent, by letter dated January 29, 1986, advised of his examination of Chomp's 1983 return and, in keeping with the address on Chomp's 1983 return, addressed the letter to Chomp, in care of Pearl's law firm. Subsequently, Chomp, by letter from Pearl's law firm dated February 25, 1986, requested that respondent correspond only with Flick as Chomp's designated TMP. In its letter, Chomp advised respondent that Flick, its general partner, "has been

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended and in effect during the year in controversy.

designated as the tax matters partner in accordance with Section 6231'' and that respondent should correspond to ''Flick * * * c/o * * * Katten, Muchin, Zavis, Pearl, Greenberger & Galler * * * Chicago, Illinois.''

Thereafter, respondent, upon determining adjustments to Chomp's 1983 return sent a FPAA, on or about April 14, 1987, to Chomp. The FPAA was addressed to Chomp and an unspecified TMP in care of Pearl's law firm. Flick's name did not appear in the FPAA, but respondent attached a settlement agreement form to the FPAA which referenced Flick as Chomp's TMP. Additionally, respondent mailed copies of the FPAA that he addressed to the ''Tax Matters Partner'' at various addresses, including those of Flick and of Pearl's law firm. For example, respondent, on or about June 12, 1987, sent Flick, at its Skokie, Illinois, address, a slightly different form of the FPAA that, although not naming Flick as tax matters partner, informed Flick of respondent's adjustments for Chomp.

Subsequently, on the 69th day (June 22, 1987) after respondent issued the FPAA, Pearl filed a petition to readjust certain items set forth in the FPAA. However, respondent, on or about August 24, 1987, moved to dismiss for lack of jurisdiction, alleging that Pearl, while not the TMP, nevertheless filed the petition during the 90-day period under section 6226(a) when only a TMP may file a petition.

On or about September 8, 1987, Pearl filed a ''Notice of Objection'' to respondent's motion and attached thereto an exhibit in an attempt to show that he was Chomp's properly designated TMP. The exhibit, entitled ''Statement As To Identity Of Tax Matters Partner'' (TMP statement), contained the signatures of general partners holding an aggregate 96.622378-percent interest in Chomp's profits, and stated that Pearl ''*had* been duly designated by the partnership as its Tax Matters Partner within the meaning of section 6231(a)(7) *prior* to the time of filing the petition in this case.'' (Emphasis supplied.) Neither this ''Statement As To Identity Of Tax Matters Partner'' nor its contents were communicated or disclosed to respondent prior to issuance of the FPAA in this proceeding. Pearl, by motion dated September 4, 1987, moved to dismiss for lack of jurisdic-

tion, claiming that respondent's FPAA for Chomp was invalid because respondent mailed it to an unspecified TMP.

In seeking a dismissal, both parties raise issues concerning the procedures for partnership actions under section 6226.[2] Respondent, however, seeks to proceed immediately with assessing and collecting.[3] See, e.g., *Shelton v. Commissioner*, 63 T.C. 193, 194 (1974). Conversely, Pearl challenges the FPAA's validity and argues that it is not a proper basis for our jurisdiction. Pearl seeks to prevent respondent from assessing and collecting until a valid FPAA is issued. See, e.g., *Shelton v. Commissioner, supra* at 195; cf. *Harrell v. Commissioner*, 91 T.C. 242, 243 (1988). Accordingly, both motions must be considered, contrary to Pearl's assertions on brief.

## Pearl's Motion—Validity of FPAA

Pearl argues that the FPAA is invalid because respondent mailed it to an unspecified (i.e., unnamed) TMP, thereby failing to comply with the notice requirements under section 6223(a). We disagree.

In general, the FPAA "is the notice to affected taxpayers that respondent has made a final administrative determination for particular tax years * * * [and] is a prerequisite to an assessment arising out of partnership items or affected items," and mailing the FPAA "is a prerequisite to the commencement of a partnership action." *Clovis I v. Commissioner*, 88 T.C. 980, 981-982 (1987); see Rule 240(c)(1). Respondent, under section 6223(a),[4] must mail the FPAA to

---

[2] Congress, in the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), established procedures for partnership actions under sec. 6226 (action for readjustment of partnership items) and sec. 6228 (action for adjustment of partnership items), applicable to certain partnerships, upon application and consent, with taxable years beginning or ending after Sept. 3, 1982. See TEFRA, sec. 402(a) et seq., Pub. L. 97-248, 96 Stat. 648.

[3] Respondent, at oral argument, conceded that by subsequently filing a petition, a partner other than the tax matters partner might affect respondent's ability to assess and collect immediately. See, e.g., note 14, *infra*, and the accompanying text, regarding the 60-day period under sec. 6226(b) for such other partners to file petitions; *Barbados #6 Ltd. v. Commissioner*, 85 T.C. 900 (1985).

[4] Sec. 6223(a) provides, in pertinent part:

SEC. 6223 (a). SECRETARY MUST GIVE NOTICE OF BEGINNING AND COMPLETION OF ADMINISTRATIVE PROCEEDING.—The Secretary shall mail to each partner whose name and address is furnished to the Secretary notice of—

(1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and

each partner whose name and address is furnished to the Secretary. Sec. 6223(a); sec. 301.6223(a)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987).

In this case, respondent, without naming a specific partner, simply addressed his FPAA to Chomp's "Tax Matters Partner." Pearl argues that respondent must address the FPAA specifically, not "generically," by identifying a specific partner. In particular, Pearl argues that respondent, in order to provide adequate notice, must address the FPAA either to Flick or to another partner that respondent selects as TMP under section 6231(a)(7).[5]

We agree that there must be adequate notice. However, section 6223 does not require that a specific TMP be enumerated on the FPAA. Moreover, the legislative history[6] and the temporary regulations promulgated under section 6223[7] do not provide any specific guidance concerning respondent's addressing the FPAA to a specifically enumerated TMP where one exists and is known to respondent. Indeed, we have stated that "whatever form a FPAA takes, it must minimally give notice to the taxpayer that respondent has *finally* determined adjustments to the partnership return." *Clovis I v. Commissioner*, 88 T.C. at 982. Here, respondent sent the FPAA to Chomp's "Tax Matters Part-

---

(2) the final partnership administrative adjustment resulting from any such proceeding.

A partner shall not be entitled to any notice under this subsection unless the Secretary has received (at least 30 days before it is mailed to the tax matters partner) sufficient information to enable the Secretary to determine that such partner is entitled to such notice and to provide such notice to such partner.

[5]Correspondingly, Pearl argues on brief that respondent, if he deems that petitioner failed to do so, has an "unmistakable statutory duty" under sec. 6231(a)(2) (definition of partner) and (7) to select a tax matters partner for Chomp. Sec. 6231(a)(7) is set forth in pertinent part in note 9, *infra.*

[6]For example, the legislative history to sec. 6223 provides:

"Since the identity of the TMP may not be known to the Secretary, mailing of any notice in care of the tax matters partner at the address where the partnership business is carried on will constitute mailing of the notice for purposes of determining whether other requirements imposed on the Secretary are complied with or whether any action, such as mailing notices to other partners, is timely taken. [Tax Equity and Fiscal Responsibility Act of 1982, H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663.]"

[7]The temporary regulations provide:

(a) *In general.* For purposes of subchapter C of chapter 63 of the Code, a notice is treated as mailed to the tax matters partner on the earlier of—

(1) The date on which the notice is mailed to "THE TAX MATTERS PARTNER" at the address of the partnership (as provided on the partnership return * * *), or

(2) The date on which the notice is mailed to the person who is the tax matters partner at the address of that person (as provided on the partner's return * * *).

[Sec. 301.6223(a)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987).]

ner," in care of Pearl's law firm and referenced Flick as the TMP in an attachment to the FPAA. In our view, respondent adequately provided notice to Chomp and Chomp's self-designated TMP of his determinations and, accordingly, provided adequate, or "minimal" notice, as contemplated under section 6223(a) and *Clovis I v. Commissioner, supra.*

Pearl also contends on brief that "Minimal notice certainly requires at the very least an identification of the taxpayer against whom * * * [respondent] makes a determination." Pearl thereby argues that "minimal notice" would require respondent to make a determination against a specifically identified TMP. Accordingly, Pearl contends that the same standards for statutory notices of deficiency under section 6212 necessarily apply to respondent's FPAA's. In particular, Pearl states on brief that "section 6223(a)(2), like sections 6212(a) and (b), * * * requires the IRS to give adequate notice of its determination to all partners (taxpayers), including the tax matters partner, of his determination against them so they can take appropriate protective action." In Pearl's view, then, the FPAA in this case is comparable to a statutory notice addressed to "Taxpayer," "Occupant," or "Resident," and is invalid and unconstitutional.

However, in *Clovis I v. Commissioner, supra,* we stated, after considering the commonality between a statutory notice and FPAA, that the relevant standard, as discussed above, is one of "minimal" or adequate notice. Respondent provided "minimal" or adequate notice in this case. The concept of a TMP is statutorily created as part of the partnership audit procedures which are to provide efficiency, convenience, and economy to the tax system. See *Computer Programs Lambda, Ltd. v. Commissioner,* 89 T.C. 198, 205 (1987); H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663. Unlike the taxpayer in a "non-partnership" case, a TMP is not necessarily the "taxpayer," but is the person or entity through whom the partnership may be "represented" or notified. See *Clovis I v. Commissioner,* 88 T.C. 980, 982 n. 4 (1987). This is especially true here where the TMP initially designated was Flick, which was a partnership entity and not an individual person. Moreover, the mailing

address provided for Flick was the address of Pearl's law firm.

In addition, Pearl argues that the temporary regulations under section 6223 apply only to notices of commencing a partnership examination, and not to an FPAA. However, the relevant regulatory language refers to mailing "notices," a term that, fairly read, includes the FPAA. See sec. 301.6223(a)-1T(a), Temporary Proced. & Admin. Regs. In addition, we cannot conclude, as Pearl argues on brief, that section 301.6223(a)-1T(a), *supra*, is "patently invalid" as "directly contrary to the clear and plain language of section 6223(a)." In the present case, Pearl disputes Chomp's designation of Flick as TMP, and Pearl was not disclosed to respondent as TMP. By allowing notice simply to the "Tax Matters Partner," as an alternative, the temporary regulation addresses possibly confused circumstances and cannot be said to be unreasonable, plainly inconsistent, or not in harmony with the notification purposes of section 6223. See also *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 26 (1982); *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948).

Pearl further contends that respondent, in addressing the FPAA, failed to use information that he could ascertain readily from his records and from Chomp's return. The record indicates, however, that respondent mailed the FPAA, and copies thereof, to all requisite partners, including an undesignated TMP, at their known addresses, as provided by the partnership and, consequently, we find Pearl's contention to be without merit.

Finally, Pearl argues that the FPAA is invalid because respondent failed to specify the mailing date thereon. However, we previously considered and rejected such arguments in *Byrd Investments v. Commissioner*, 89 T.C. 1, 5 (1987), and we similarly reject petitioner's argument in this case.

Pearl presented other arguments which do not merit further discussion. Accordingly, we find that respondent issued a valid FPAA and we correspondingly deny petitioner's motion to dismiss.

*Respondent's Motion—The Proper TMP To Petition Court*

Respondent moved to dismiss because Pearl was not the TMP and, therefore, not the proper party to file a petition during the corresponding 90-day period under section 6226(a). Contrary to Pearl's assertion on brief, Pearl bears the burden of showing proper jurisdiction resides in this Court. Rule 142; *Welch v. Helvering,* 290 U.S. 111 (1933). Respondent argues, and Pearl disputes, that Pearl was not Chomp's TMP and improperly filed a petition during a time when, under section 6226(a), only the TMP may file the petition. Here, we disagree with respondent.

The question we must consider is whether Pearl was authorized as TMP or to act on behalf of Chomp's TMP at the time the petition was filed in this case. This is a question of fact which we must decide based upon the facts presented in this fully stipulated case. At the time that Pearl filed the petition herein,[8] Flick had been designated as TMP and that designation had been communicated to respondent. The designation had been made by Chomp through Pearl's law firm. Partners, possessing more than 96 percent of Chomp, stated in the TMP statement that Pearl was authorized to act as the TMP *prior* to the time he caused the petition to be filed.

The tax matters partner is the central figure of partnership proceedings. During both administrative proceedings and litigation, the tax matters partner serves as the focal point for service of all notices, documents, and orders on the partnership. The statutorily determined time periods for respondent to notify the other partners of the status of the administrative proceeding at the partnership level (sec. 6223(d)), for a partner to file a petition for judicial review (sec. 6226), for the partnership to request an administrative adjustment (sec. 6227), are determined with reference to the tax matters partner. * * *

*Computer Programs Lambda, Ltd. v. Commissioner,* 89 T.C. 198 (1987). Further, "A petition for readjustment of partnership items is filed with the Court by the tax matters partner within the period specified in * * * Section 6226(a), or by a partner other than the tax matters partner subject

---

[8]The Court takes judicial notice that Pearl also filed a petition during the 60-day period under sec. 6226(b) and that the Chomp partnership will likely have its "day in court" no matter how we resolve the factual question in this case. The second petition was filed in a docket numbered 30024-87 on Sept. 4, 1987.

to the conditions and within the period specified in * * * Section 6226(b)." Rule 240(c)(1)(ii). Under section 6226,[9] the TMP[10] has 90 days and, failing that, "notice partners" or "5-percent groups"[11] have 60 days thereafter, to file a petition to readjust the items in the FPAA. Sec. 6226(a) and (b). The TMP is "the only partner who may file a petition for judicial review within the first 90 days after respondent issues a * * * [FPAA] to him. Sec. 6226(a)"; *Computer Programs Lambda, Ltd. v. Commissioner, supra,* and *Transpac Drilling Venture 1982-22 v. Commissioner,* 87 T.C. 874 (1986).

Although respondent did not have reason to consider Pearl as the TMP and knew only of Chomp's representation that Flick was the TMP, it appears from the facts in this case that Pearl had been authorized to act as TMP.[12]

---

[9]Sec. 6226, in pertinent part, provides:

SEC. 6226 (a). PETITION BY TAX MATTERS PARTNER.—Within 90 days after the day on which a * * * [FPAA] is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with—
   (1) the Tax Court,

\*     \*     \*     \*     \*     \*     \*

   (b) PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—
   (1) IN GENERAL.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period * * * file a petition for a readjustment of the partnership items for the taxable year involved * * *.
[10]Sec. 6231(a)(7) provides the following definition:

   (7) TAX MATTERS PARTNER.—The tax matters partner of any partnership is—
   (A) the general partner designated as the tax matters partner as provided in regulations, or
   (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impractical to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.
[11]Definitionally, sec. 6231(a)(8) and (11) provides:

   (8) NOTICE PARTNER.—The term "notice partner" means a partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223 (determined without regard to subsections (b)(2) and (e)(1)(B) thereof).

\*     \*     \*     \*     \*     \*     \*

   (11) 5-PERCENT GROUP.—A 5-percent group is a group of partners who for the partnership taxable year involved had profits interests which aggregated 5 percent or more.
[12]Although the method of "designating" or authorizing could have been more professionally and effectively accomplished, the simple fact remains that this record contains an uncontradicted statement that Pearl was authorized. Pearl's authorization seems to be bolstered by his close relationships with Chomp, Flick, the partners, and their law firm.

Pearl disagrees with respondent's assertion that Pearl, in attempting to designate a TMP by submitting his TMP statement, failed to comply with certain temporary regulations for designating a TMP.[13] Jurisdictionally, we believe that the temporary administrative regulations do not play a significant role, if any, regarding whether Pearl had the authority to file a petition. The more obvious purpose of respondent's regulations is to provide respondent with the name and address of the TMP to be able to properly mail a FPAA. As stated above, the question is whether Pearl was duly authorized to file the petition in this case, not whether he properly notified respondent. Moreover, respondent was on notice of Pearl's assertion that he was TMP because he was so named on the petition. As we stated in *Summerland Partnership v. Commissioner*, T.C. Memo. 1988-548, "defects in an imperfect petition may be cured by the filing of an amended petition if there is evidence that the original signatory was duly authorized to file the original petition on behalf of the non-signing petitioner." Rules 60(a) and 41(d). See also *Sente Investment Club v. Commissioner*, T.C. Memo. 1988-376; *Brooks v. Commissioner*, 63 T.C. 709, 713-715 (1975). Consequently, we need not address the parties' respective arguments regarding the regulatory requirements for designating a TMP.

Additionally, Pearl, in addressing respondent's argument that Flick was the TMP, asserts that he filed his petition because Flick, as a "pass-thru partner" under section 6231(a)(9),[14] could not be a TMP. In Pearl's view, then, respondent could move to dismiss petitions by either Flick

---

[13]In this regard, respondent asserts that petitioner failed to comply with sec. 301.6231(a)(7)-1T(e), Temporary Proceed. & Admin. Regs., 52 Fed. Reg. 6791 (Mar. 5, 1987), which provides, in pertinent part:

(e) *Designation by general partners with majority interest.* The partnership may designate a tax matters partner for a partnership taxable year at any time after the filing of a partnership return for that taxable year by filing a statement with the service center with which the partnership return was filed. The statement shall—

(1) Identify the partnership and the designated partner by name, address, and taxpayer identification number,

(2) Specify the partnership taxable year to which the designation relates,

(3) Declare that it is a designation of a tax matters partner for the taxable year specified, and

(4) Be signed by persons who were general partners at the close of the year and were shown on the return for that year to hold more than 50 percent of the aggregate interest in partnership profits held by all general partners as of the close of that taxable year. * * *

[14]Sec. 6231(a)(9) provides, in pertinent part:

or another Chomp partner by asserting that they were, respectively, pass-thru partners or "non-TMP's." We need not address that issue. Pearl, not Flick, filed the petition herein and, in addition, it has been shown that Flick and other partners of Chomp authorized Pearl to file a petition. Accordingly, we decline to speculate whether Flick, if indeed it was a "pass-thru partner," could have or should have filed a petition herein.

Due to our factual disposition of this issue, it is not necessary to address petitioner's argument that section 301.6231(a)(7)-1T(e), Temporary Proced. & Admin. Regs. (procedural standards for designating tax matters partners), should not be applied retroactively to invalidate Chomp's designation of Flick as tax matters partner.

The parties present no further arguments of merit. Accordingly, we find that Pearl was the TMP and was the proper party for filing a petition during the 90-day period under section 6226(a).

To reflect the foregoing,

> *An order will be entered denying respondent's and petitioner's motions.*

---

(9) PASS-THRU PARTNER.—The term "pass-thru partner" means a partnership * * * through whom other persons hold an interest in the partnership with respect to which proceedings under this subchapter are conducted.