TRIANGLE INVESTORS LIMITED PARTNERSHIP, CHARLES T. COLLIER, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 27387-89.        Filed December 6, 1990.

Charles T. Collier, pro se.
*Curtis G. Wilson* and *William A. Heard, III,* for the respondent.

#### OPINION

NIMS, *Chief Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. (Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue and

all Rule references are to the Tax Court Rules of Practice and Procedure.) The issue for decision is whether the notice of final partnership administrative adjustment issued in this case was valid.

## Background

Respondent determined adjustments to the partnership return of Triangle Investors Limited Partnership (Triangle Investors) for its 1984 taxable year as set forth in his notice of final partnership administrative adjustment (FPAA) issued on May 24, 1989. The FPAA was addressed to the Tax Matters Partner, c/o Triangle Investors Limited P/S, 11240 Grandview Avenue, Wheaton, Maryland 20906 (the Wheaton address).

On August 28, 1989, respondent mailed a copy of the FPAA to a partner of Triangle Investors, Charles T. Collier, at an address in St. Leonard, Maryland. Collier received the FPAA on or about September 4, 1989. The FPAA received by Collier stated that the FPAA had been mailed to the tax matters partner (TMP) on May 24, 1989, and included detailed instructions for partners who wished to challenge respondent's proposed adjustments.

Collier filed a petition for readjustment of partnership items as TMP of Triangle Investors on November 13, 1989. At the time the readjustment petition was filed, the principal place of business of the partnership was Glen Burnie, Maryland.

Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition for readjustment was not filed within either of the time periods prescribed by section 6226(a) or (b). Collier claims that he timely filed the readjustment petition based on the date of August 28, 1989, appearing at the top of the copy of the FPAA he received. In the alternative, Collier attacks the validity of the FPAA mailed to the TMP in May 1989.

In particular, Collier contends that respondent was aware that he was the TMP for Triangle Investors, and thus the FPAA should have been issued in his name as opposed to the generic form actually used. Moreover, Collier claims that respondent was aware that: (1) Triangle Investors no longer used the Wheaton address; and (2) correspondence

pertaining to partnership tax matters should have been mailed to Triangle Investors Ltd., c/o Blinn Salisbury, 112 Second Ave., S.W., Glen Burnie, Maryland 21061 (the Glen Burnie address). With respect to this latter point, the parties have stipulated that Collier submitted an executed Form 2848, power of attorney, to respondent in November 1987, reflecting that copies of all notices and correspondence to Triangle Investors for the year in issue should be sent to Salisbury at the Glen Burnie address. The power of attorney was executed by Collier as general partner of Triangle Investors.

The parties also stipulated that, prior to the issuance of the FPAA to the TMP, Salisbury verbally advised the revenue agent assigned to the case that the Wheaton address was no longer operative. The parties further stipulated that subsequent to the execution of the power of attorney, and until the issuance of the FPAA to the TMP, respondent corresponded with the partnership at the Glen Burnie address.

Respondent alleges that the FPAA mailed to the TMP in May 1989 was issued in generic fashion because Triangle Investors never designated a TMP for the 1984 taxable year. In addition, respondent maintains that he mailed the FPAA to the TMP at the Wheaton address because that was the address appearing on the partnership's tax return for 1984. Collier does not contest this latter assertion, and accordingly we must assume that it is true. (The partnership's 1984 return was not made a part of the record in this case.)

## *Discussion*

The notice which Collier received stated that the FPAA had been mailed to the TMP on May 24, 1989. Respondent admits that the FPAA was not actually mailed to the TMP until May 25, 1989. Accordingly, the 90-day period provided in section 6226(a) for a TMP to timely file a petition for readjustment of partnership items expired on August 23, 1989 (computed from the May 25 actual mailing date). In this regard, Collier's reliance on the date of August 28, 1989, in computing the time within which to file the readjustment petition as TMP was erroneous.

Consistent with the foregoing, the 60-day period (following expiration of the 90-day period) provided in section 6226(b) for any notice partner or 5-percent notice group of partners to timely file a readjustment petition expired on October 23, 1989. Because Collier did not file his petition for readjustment of partnership items until November 13, 1989, a prerequisite to our jurisdiction over the partnership action is lacking. See Rule 240(c). Accordingly, this case must be dismissed. The question presented is whether the case should be dismissed as a consequence of petitioner's failure to file in a timely manner or for respondent's failure to issue a valid FPAA.

The standard for determining the validity of an FPAA is whether the FPAA provides adequate or minimal notice to the taxpayer that respondent has finally determined adjustments to the partnership return. *Chomp Associates v. Commissioner,* 91 T.C. 1069, 1073-1074 (1988); *Byrd Investments v. Commissioner,* 89 T.C. 1, 6-7 (1987), affd. without published opinion 853 F.2d 928 (11th Cir. 1988); *Clovis I v. Commissioner,* 88 T.C. 980, 982 (1987). As noted, Collier claims that the FPAA mailed to the TMP did not provide adequate or "minimal" notice because it was not addressed specifically to Collier as TMP, nor was it mailed to the proper address.

For purposes of issuing the notices specified in section 6223(a), including an FPAA, respondent is required to use the names, addresses, and profits interests shown on the partnership return for the year at issue as modified by "additional information furnished to him by the tax matters partner or any other person in accordance with regulations prescribed by the Secretary." Sec. 6223(c)(1) and (2). Section 301.6231(a)(7)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6791 (March 5, 1987), provides the methods by which a partnership may designate a tax matters partner. The partnership may make a designation on the partnership return in the space for such designation, or if there is no such space on the return, then by attaching to the return a statement which: (1) Identifies the partnership and the tax matters partner by name, address, and taxpayer identification number, (2) declares that the statement is a tax matters partner designation for a particular taxable year,

and (3) is signed by the partner signing the return. A designation can also be made after the return is filed by the majority interest general partners' filing a statement with respondent designating a partner as tax matters partner. Sec. 301.6231(a)(7)-1T(e), Temporary Proced. & Admin. Regs., *supra.*

Respondent asserts that the FPAA issued to the TMP in May 1989 was not addressed specifically to Collier as TMP of Triangle Investors because there was confusion as to whether he was in fact the TMP. There is no evidence in the record that Triangle Investors properly designated Collier as TMP for the partnership for the year at issue. See sec. 301.6231(a)(7)-1T, Temporary Proced. & Admin. Regs., *supra.* Moreover, although it appears that the revenue agent was aware that Collier was acting as the TMP, the failure to specifically identify Collier as the TMP on the FPAA is not fatal to the validity of the notice. We approved of the issuance of generic FPAA's in *Chomp Associates v. Commissioner, supra* at 1073, noting that:

section 6223 does not require that a specific TMP be enumerated on the FPAA. Moreover, the legislative history and the temporary regulations promulgated under section 6223 do not provide any specific guidance concerning respondent's addressing the FPAA to a specifically enumerated TMP where one exists and is known to respondent. [Fn. refs. omitted.]

Accord *Seneca Ltd. v. Commissioner,* 92 T.C. 363 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990). Thus, the generic form of the FPAA did not render the notice invalid.

We next turn to Collier's claim that the FPAA was invalid because it was not mailed to the proper address. As noted, Collier does not dispute that the Wheaton address appears as Triangle Investors' address on the partnership's return for the year in issue. However, Collier argues that respondent was given adequate notice of the partnership's new Glen Burnie address by virtue of Salisbury's discussions with the revenue agent prior to the mailing of the FPAA, as well as through the power of attorney submitted in November 1987. Consistent with this notification, Collier emphasizes that respondent used the Glen Burnie address, at least

on one occasion, to correspond with the partnership prior to the issuance of the FPAA.

For reasons hereafter stated, we are unable to conclude that respondent is to be charged with knowledge of Triangle Investors' change of address. As previously indicated, section 6223(c)(1) and (2) contemplate that respondent may rely on the information contained in the partnership return for the year in issue, except as modified by additional information received in accordance with regulations. Section 301.6223(c)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (March 5, 1987), provides:

(b) *Procedure for furnishing additional information—*(1) *In General.* Any person may furnish additional information at any time by filing a written statement with the Service. However, the information contained in the statement will be considered for purposes of determining whether a partner is entitled to a notice described in section 6223(a) only if the Service receives the statement at least 30 days before the date on which the Service mails the notice to the tax matters partner. Similarly, information contained in the statement generally will not be taken into account for other purposes by the Service until 30 days after the statement is received.

(2) *Where statement must be filed.* A statement furnished under this section shall generally be filed with the service center with which the partnership return is filed. However, if the person filing the statement knows that the notice described in section 6223(a)(1) (beginning of an administrative proceeding) has already been mailed to the tax matters partner, the statement shall be filed with the Internal Revenue Sevice office that mailed such notice.

(3) *Contents of statement.* The statement shall—

(i) Identify the partnership, each partner for whom information is supplied, and the person supplying the information by name, address, and taxpayer identification number;

(ii) Explain that the statement is furnished to correct or supplement earlier information with respect to the partners in the partnership.

(iii) Specify the taxable year to which the information relates;

(iv) Set out the corrected or additional information; and

(v) Be signed by the person supplying the information.

Thus, any person wishing to update the information contained in the relevant partnership return, after a notice of the beginning of an administrative proceeding has been mailed (of which such person has knowledge), must file a detailed statement with the IRS office that mailed such notice. Such a statement must: (1) Identify the partnership and furnish detailed information about each partner for

whom information is being updated; (2) explain that the statement is furnishing additional information; (3) specify the year involved; (4) furnish the additional information; and (5) contain the signature of the individual furnishing the information. Under the regulation, the information becomes effective 30 days after the statement has been received by the appropriate office of the Internal Revenue Service. In connection with ascertaining the appropriate IRS office in this case, it is reasonable to assume that Collier was aware of the IRS office that issued the notice of the beginning of the administrative proceeding (see section 6223(a)(1)) since he negotiated with the examining revenue agent in response thereto.

In light of the detailed instructions as to how updating partnership information is to be furnished, it cannot be said that Salisbury's verbal exchanges with the revenue agent were sufficient to notify the appropriate IRS office of the partnership's change of address.

Furthermore, the power of attorney, which requests that copies of notices and correspondence be sent to the Glen Burnie address, likewise is inadequate as notice to the IRS. We have held that copies of correspondence sent pursuant to a request in a power of attorney are a matter of courtesy and in no way affect the mailing requirements of section 6212. *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967). By analogy, the power of attorney in this case did not alter the IRS's obligations relating to the mailing of the FPAA issued to the Triangle TMP.

For the foregoing reasons, we hold that the FPAA mailed to the TMP at the Wheaton address was valid.

Notwithstanding Collier's failure to furnish the appropriate IRS office with information regarding the partnership's current address, resulting in his failure to receive the FPAA in time to file a petition as alleged TMP, we note that he had another remedy available, of which he failed to avail himself. Collier acknowledges receiving a copy of the FPAA on or about September 4, 1989, 50 days prior to the expiration of the 60-day period for notice partners to file petitions for readjustment. Regardless of his status as TMP for Triangle Investors, Collier was also entitled to file a petition as a notice partner and had ample time to do so.

See *Barbados #6 Ltd. v. Commissioner,* 85 T.C. 900 (1985). Such action if taken would have protected not only his own interest but that of the partnership.

To summarize, the record establishes that respondent mailed a copy of the FPAA to Collier on August 28, 1989. Collier received the notice in due course. A plain reading of the notice alerts the reader as to the time periods within which the TMP and notice partners are permitted to seek judicial review of partnership adjustments. In addition, the notice provided a phone number and a contact person for questions. The copy of the FPAA included the date on which the 150-day period for filing a petition began to run pursuant to section 6226, that is, the date the FPAA was mailed to the TMP of Triangle Investors. All the information that Collier needed to protect his interests was presented to him in the FPAA. See *Seneca Ltd. v. Commissioner, supra* at 367. Under these circumstances, we cannot say that either Collier or the partnership failed to receive the adequate or "minimal" notice contemplated under the statutory scheme for the adjudication of partnerhsip actions.

For the foregoing reasons, respondent's motion to dismiss for lack of jurisdiction will be granted.

*An appropriate order will be entered.*