OPHIR MINE, JAMES MATTATALL, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ophir Mine v. Commissioner
Docket No. 24663-90
United States Tax Court
T.C. Memo 1992-119; 1992 Tax Ct. Memo LEXIS 140; 63 T.C.M. (CCH) 2209; T.C.M. (RIA) 92119; February 27, 1992, Filed *140 Robert S. Schriebman, for petitioner. Louis B. Jack, for respondent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code and Rule 180 et seq. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on cross-motions to dismiss for lack of jurisdiction filed by the parties. Petitioner contends that the Notice of Final Partnership Administrative Adjustment (FPAA) was not properly and legally issued, so that any assessments made as a result thereof are barred pursuant to sections 6229 and 6501. Respondent contends that the petition was untimely filed. Respondent alleges that the FPAAs were mailed to the tax matters partner (TMP) and notice partners on March 16, 1989, and April 17, 1989, respectively, while the petition was filed on November 2, 1990, more than 150 days *141 after issuance of the FPAAs. The parties have filed a stipulation of facts, which we adopt. Ophir Mine (hereinafter Ophir or the partnership) is a Nevada limited partnership to which the provisions of sections 6221 et seq. are applicable. The partnership was formed in 1983 by M. W. Mattatall (Mr. Mattatall) as sole general partner. Mr. Mattatall, the husband of Ann B. Mattatall (Mrs. Mattatall) and the father of James Mattatall (petitioner), died in April 1985. Prior to his death, Mr. Mattatall had continued to be the sole general partner of Ophir. The 1985 Form 1065 was signed on April 11, 1986, by Mrs. Mattatall on the line for the general partner. The return contains no specific designation of a TMP. Ophir's 1985 Form 1065 was audited by respondent's revenue agent James Steins (Steins). In a letter dated February 28, 1987, Steins, citing the death of the general partner and the failure of the partnership to designate a new TMP, selected petitioner as the TMP. In that letter, Steins also enclosed a request to extend the statute of limitations, which request petitioner refused. Despite several requests by Steins, petitioner failed to produce the partnership records. By *142 letter dated May 5, 1987, Steins advised attorney Robert Schriebman that petitioner was not cooperating and would be removed as TMP unless he did so. On September 8, 1988, Steins wrote a letter to John McElroy (McElroy) in Shelton, Washington, selecting McElroy as the new TMP under the provisions of Rev. Proc. 88-16, 1988-1 C.B. 691, and Delegation Order No. 209 (Rev. 3), 1988-1 C.B. 471. That letter also enclosed a list of the names and addresses of all the partners of Ophir. The selection of McElroy was based upon Steins' identification of the partner with the largest profit interest that could be located. Why he did not inquire into the status of Mrs. Mattatall is not explained. Respondent contends that Steins notified each Ophir partner, including petitioner, of McElroy's appointment, while partnership contends that he never received the letter. Respondent did not send petitioner any letter specifically notifying petitioner that he had been removed as the TMP. On March 16, 1989, triplicate FPAAs for partnership items regarding the partnership's 1985 taxable year were sent *143 by certified mail to the following addresses: (a) Ophir, AKA Ophir Noble Metals Trusts, Tax Matters Partner, 1251 West Sepulveda, 170, Torrance, California 90502-2677. (This is the address shown on the Form 1065 for the taxable year 1985, and is referred to as the Torrance address.) (b) Ophir, AKA Ophir Noble Metals Trust, Tax Matters Partner, E. 360 Libby Rd., Shelton, Washington, 98584-9526. (c) Tax Matters Partner, John J. McElroy, E. 360 Libby Road, Shelton, Washington, 98584-9526.
The FPAAs set forth in subparagraphs (a) and (b) above are referred to as "generic FPAAs", as they do not contain the name of a TMP. The FPAA mailed to the Torrance address was returned to respondent by the post office as unclaimed. No FPAA was sent specifically addressed to petitioner as Ophir's TMP. On April 17, 1989, respondent sent copies of the FPAA to all the notice partners, including petitioner. The FPAA sent to petitioner was sent to him at his last known address according to his most recently filed income tax return, P.O. Box 1656, Pasadena, Texas 77501. Petitioner never directly notified respondent of a change of address for Ophir, or for himself individually, or as the TMP *144 of Ophir. However, when he moved to a new residence, he did leave a forwarding address with the postal authorities. Petitioner contends that respondent erred by not sending an FPAA to petitioner as TMP at his last known address, and in sending a generic FPAA to an incorrectly designated TMP, as well as to the address shown on the 1985 partnership return. Petitioner further contends that respondent had no legal right to remove petitioner as TMP and that the statute of limitations has now expired. (We note, however, that whether the FPAA was issued timely is an affirmative defense and is not a jurisdictional prerequisite. Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 564 (1989).) Lastly, petitioner contends that respondent did not send copies of the FPAA to all notice partners. Respondent contends that mailing of the generic FPAA to the Torrance address satisfied the Commissioner's notice obligation and that, therefore, the FPAA was valid and the petition was untimely. Respondent further contends that because the generic FPAA was sufficient, the issue of whether petitioner was properly removed as TMP by Steins is not jurisdictional. For purposes of *145 these cross-motions, we will presume (but not decide) that petitioner was the TMP on March 16, 1989, and that Steins' actions removing petitioner as TMP and appointing McElroy in his place were ineffective. Accordingly, it is not necessary for us to consider whether Steins was entitled to remove petitioner as TMP and select an individual residing in Shelton, Washington, as the successor TMP. But see Rev. Proc. 88-16, sec. 3.03(3)(d), 1988-1 C.B. 691. Section 6223(a)(2) requires respondent to mail to each partner whose name and address is furnished to respondent notice of the FPAA resulting from an administrative proceeding at the partnership level with respect to a partnership item. Section 6223(d)(2) provides that the Secretary shall mail the notice specified in paragraph 2 of subsection (a) to each partner entitled to such notice not later than the sixtieth day after the day on which the notice specified in paragraph 2 was mailed to the TMP. Section 6223 does not require that a specific TMP be enumerated on the FPAA. Moreover, the legislative history and the temporary regulations promulgated under section 6223 do not *146 provide any specific guidance concerning respondent's addressing the FPAA to a specifically enumerated TMP where one exists and is known to respondent. [1] In Triangle Investors Ltd. Partnership v. Commissioner, 95 T.C. 610, 613 (1990) we stated: "The standard for determining the validity of an FPAA is whether the FPAA provides adequate or minimal notice to the taxpayer that respondent has finally determined adjustments to the partnership return." (Citations omitted.) See also Clovis I v. Commissioner, 88 T.C. 980, 982 (1987). In Triangle, we rejected the taxpayer's contention that the FPAA was invalid because it was not specifically addressed to him as TMP nor mailed to the partnership's current address. In that case the Court concluded that a generic FPAA mailed to the TMP at the address of the partnership shown on the partnership's return was valid and that the taxpayer was provided adequate or minimal notice. The question to be resolved, therefore, is whether petitioner received adequate or minimal notification of respondent's actions. We believe he did. *147 In this case, the parties agree that respondent did send a generic notice mailed to "the tax matters partner" at the address of the partnership as provided on the partnership return, which address was not updated in the manner prescribed by the regulations. Thus respondent complied with section 301.6223(a)-1T(a)(1), Temporary Proced. and Admin. Regs, 52 Fed. Reg. 6783 (Mar. 5, 1987). See Chomp Associates v. Commissioner, 91 T.C. 1069, 1075 (1988) upholding the validity of this regulation; see also Starlight Mine v. Commissioner, T.C. Memo. 1991-59. In addition, respondent sent petitioner a copy of the FPAA to his last known address. Even though it was not specifically addressed to petitioner as TMP, petitioner could have preserved his rights (and those of other partners) by timely filing a petition. The petition was filed more than 150 days from either mailing of a FPAA with regard to Ophir. Accordingly, petitioner's failure to file a timely petition was due to his own inaction, rather than respondent's failure to give adequate and minimal notice as required by section 6223. Finally, petitioner's contention that respondent *148 failed to send FPAAs to all notice partners is rejected by our finding to the contrary. Nevertheless, any such failure by respondent gives rise to certain rights to the appropriate notice partner as set forth in section 6223(e), none of which result in the invalidation of the generic FPAA. We conclude that the FPAA was validly mailed to the TMP and that the petition herein was untimely filed. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioner's motion will be denied. An appropriate order will be entered. Footnotes
1. See Tax Equity and Fiscal Responsibility Act of 1982, H. Conf. Rept. No. 97-760 (1982), 1982-2 C.B. 600, 663 and section 301.6223(a)-1T, Temporary Proced. and Admin. Regs, 52 Fed. Reg. 6783↩ (Mar. 5, 1987).