# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 10-1262**                                         **September Term 2011**

**USTC-24762-06**

**Filed On:** September 15, 2011

UTAM, Ltd. and DDM Management, Inc., Tax
Matters Partner,

        Appellees

    v.

Commissioner of Internal Revenue Service,

        Appellant


**BEFORE:**    Sentelle, Chief Judge, Tatel, Circuit Judge, and Randolph, Senior
Circuit Judge

## O R D E R

Upon consideration of appellees' petition for panel rehearing, it is

**ORDERED** that the petition be denied.  It is

**FURTHER ORDERED**, on the court's own motion, that the opinion filed June 21, 2011, be amended as follows:

Insert on p. 2, line 11, after "(D.C. Cir. June 21, 2011)": (as amended Aug. 18, 2011).

Insert on p. 6, line 3, after "(D.C. Cir. June 21, 2011)": (as amended Aug. 18, 2011).

Delete on p. 9, footnote 7:

     UTAM argues that even if § 6229(d) can be used to toll a partner's open § 6501 period, it did not do so here because the FPAA adjusted only nonpartnership items and was therefore invalid.  UTAM's argument rests on certain stipulations the parties made in the Tax Court for purposes of

litigating the statute of limitations issue. But it was not until this appeal that UTAM linked the issue of the FPAA's validity with the statute of limitations issue. The stipulations do not bind the IRS with respect to the underlying issue of the FPAA's validity. We therefore have no reason to decide whether an invalid notice of final partnership administration adjustment may toll the statutory assessment period.

Insert in lieu thereof this revised footnote 7:

UTAM argues that even if § 6229(d) can be used to toll a partner's open § 6501 period, it did not do so here because the FPAA adjusted only nonpartnership items and was therefore invalid. UTAM's argument rests on certain factual stipulations the parties made in the Tax Court for purposes of litigating the statute of limitations issue. But there was no stipulation that the FPAA was "invalid," as UTAM claims. The FPAA gave notice of the Commissioner's determination of adjustments to partnership items. *See, e.g.*, *Clovis I v. Comm'r*, 88 T.C. 980, 982 (1987). These included sham transactions and their attendant incomes, gains, losses, and deductions. The nature of the adjustments in the FPAA remained the same regardless of the limited stipulations; as the stipulations made clear, whether the evidence ultimately would support the adjustments was to be determined at trial. We therefore have no reason to decide whether an "invalid" notice of final partnership administration adjustment may toll the statutory assessment period.

## Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Jennifer M. Clark
Deputy Clerk