COMPUTER PROGRAMS LAMBDA, LTD., JAMES C. REILLY, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32952-86.        Filed June 2, 1988.

*Gilbert Aranza,* for the petitioner.
*Alvin A. Ohm,* for the respondent.

OPINION

WILLIAMS, *Judge:* The Commissioner determined adjustments to Computer Programs Lambda, Ltd.'s (CPL) partnership return for 1982 as set forth in his notice of final partnership administrative adjustment issued on March 11, 1986. We must decide whether this Court may appoint a limited partner of CPL to act as tax matters partner on behalf of the partnership solely for purposes of this litigation.

In our previously reported opinion at 89 T.C. 198 (filed July 27, 1987), we held that CPL's tax matters partner, Pyke International, Inc. (PII), ceased to be CPL's tax matters partner upon its filing a petition in bankruptcy. Sec. 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (March 5, 1987).[1] All other general partners of CPL were ineligible to serve as CPL's tax matters partner because they were also named as debtors in the bankruptcy proceeding with PII.

William C. Mitchell, a notice partner of CPL, properly filed a petition on August 11, 1986. In our prior opinion we stated:

> The Court expects the partners of CPL to appoint a substitute tax matters partner within 60 days after this opinion is filed. If the partners fail to do so, the Court will take steps to appoint a partner to serve as tax matters partner in this proceeding after appropriate notice and hearing. [89 T.C. 198, 206 n. 9 (1987).]

All partners of CPL, including the Pyke interests, had an opportunity to vote upon a proposal to elect Mr. Pat Reilly as a substitute tax matters partner. Mr. Reilly consented to serve as such if appointed by the Court. The election results show that the partnership interests that voted against the proposal were affiliated with the former tax matters partner of CPL.[2] All limited partners who responded voted affirmatively for Mr. Reilly's appointment.

On September 28, 1987, James C. Bearden, after electing to participate in these proceedings, notified the Court of

---

[1] All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue, unless otherwise indicated.

[2] See Appendix on page 1129.

CPL's failure to elect a tax matters partner and requested that we appoint Mr. Reilly as the tax matters partner for the partnership. On January 12, 1988, after notice and hearing, we appointed Mr. Reilly tax matters partner of CPL solely for purposes of this litigation.

The primary issue we must decide is one of first impression concerning the appointment of a tax matters partner for purposes of the proceeding before us. The detailed statutory procedures of partnership level audits and litigation contemplate the continual presence of a tax matters partner during partnership level audits and litigation. *Computer Programs Lambda, Ltd. v. Commissioner,* 89 T.C. 198 (1987). Moreover, we are concerned here with the proper and efficient conduct of litigation before this Court.

The presence of a tax matters partner during litigation is essential to the operation of the statutory procedures of sections 6221 et seq., and to the fair, efficient, and consistent disposition of partnership proceedings before us. The tax matters partner must keep each partner informed of all judicial proceedings relating to the adjustment of partnership items at the partnership level. Sec. 6223(g). He must furnish to all partners information not only on the filing of the petition for judicial review, but also on the progress of the litigation, settlement negotiations and offers, trial preparation, discovery, motions, and trial, and also on the filing of any appeal from our decision. The tax matters partner serves as the focal point for service of all notices, documents, and orders on the partnership during litigation. Under some circumstances he may bind partners who are not notice partners by entering into settlement agreements with respondent. Sec. 6224 (c)(3). His initiative during the proceeding as well as the execution of his statutory duties will have a substantial effect upon the rights of all partners in the partnership. *Computer Programs Lambda, Ltd. v. Commissioner, supra* at 206; sec. 301.6223(g)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785-6786 (March 5, 1987).

Without a tax matters partner for CPL we could not assure that all partners interested in the outcome of this partnership proceeding and who are parties to this litigation pursuant to section 6226(c) will receive sufficient information concerning the litigation to allow them to protect their

interests. Moreover, the absence of a tax matters partner would prevent the orderly and efficient resolution of the controversy before this Court. Therefore, in order to protect the rights of partners interested in the partnership proceeding before us and to assure the fair, efficient, and consistent disposition of partnership litigation pursuant to section 6221 et seq., we draw upon our inherent powers as a Court to appoint a tax matters partner in this case.[3] Cf. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980); *Link v. Wabash R.R.,* 370 U.S. 626 (1962).

Pursuant to section 6231(a)(7), respondent may select a limited partner to serve as tax matters partner of a partnership where, as in this case, there are no general partners eligible to serve as such. At the time of the filing of the petition in this case, respondent had not selected a tax matters partner for CPL because it was unclear whether the partnership was represented by a tax matters partner. On December 2, 1987, after the petition was filed, respondent selected David Drassler, a limited partner of CPL, to serve as the tax matters partner for the partnership. Mr. Drassler refused to serve as CPL's tax matters partner and immediately resigned.

Where a partnership is without a tax matters partner before this Court, we believe it is most appropriate for the Court to appoint the partnership's tax matters partner, rather than for respondent to make the appointment because respondent is the partnership's adversary during the litigation. An adversary should not appoint an opponent's

---

[3]The Court has adopted Rule 250, Tax Court Rules of Practice and Procedure, regularizing the removal and substitution of tax matters partners during partnership litigation. Rule 250, Tax Court Rules of Practice and Procedure provides:

"After notice and opportunity to be heard, (1) the Court may for cause remove a partner as the tax matters partner and (2) if the tax matters partner is removed by the Court, or if a partner's status as the tax matters partner is terminated for reason other than removal by the Court, the Court may substitute another partner as the tax matters partner if the partnership fails to designate a successor tax matters partner within such period as the Court may direct.

"Perhaps analogous to our appointment of a tax matters partner is the appointment of lead counsel in class action suits under Rule 23, of the Federal Rules of Civil Procedure. Pursuant to Rule 23, Federal Courts may make appropriate orders when supervising the course of a class action suit. Rule 23(d), Fed. R. Civ. P. Although not explicitly provided for in the rule, a court may select the lead counsel to represent a class in order to fulfill its responsibilities as the guardian of the rights of absentee class members and to ensure orderly progress of the action. See *Cullen v. New York State Civil Service Commission,* 566 F.2d 846 (2d Cir. 1977); *Amos v. Board of Directors of City of Milwaukee,* 408 F. Supp. 765 (E.D. Wis.), affd. 539 F.2d 625 (7th Cir. 1976); *Kahree v. Western Electric Co.,* 82 F.R.D. 196 (D.N.J. 1979); 7B C. Wright & A. Miller, Federal Practice and Procedures, Civil, sec. 1765, at 270 (1986)."

representative.[4] A court-supervised appointment should re-assure all parties interested in the outcome of the partner-ship litigation that the partners' interests will be fairly represented. Consequently, we appointed James P. Reilly as the tax matters partner for CPL solely for purposes of this litigation as of February 2, 1988.

Our appointment of Mr. Reilly should not affect his status as a limited partner. Mr. Reilly will be acting in an administrative capacity solely for the litigation of this case, pursuant to a Court order and authority, and his assump-tion of the duties of a tax matters partner should not be construed as "taking part in the control of the business" of CPL. Texas Uniform Limited Partnership Act, Tex. Rev. Civ. Stat. Ann. art. 6132a, secs. 8, 13 (Vernon 1970 & Supp. 1985). His duties are limited to this litigation, and perfor-mance of those duties should not require him to act in a manner that is inconsistent with his status as a limited partner. Moreover, we note that the 1979 amendment to section 8 of the Texas Uniform Limited Partership Act was enacted principally to give limited partners limited immu-nity from liability in the course of preserving or protecting their interests in a partnership.[5] We believe that Mr. Reilly will be acting to preserve his interests in the partnership within the meaning of section 8 of the Texas Uniform Limited Partnership Act.

*An appropriate order has been issued.*

---

[4]This adversariness does not prevent the appointment during administrative proceedings because there is no certainty that the proceeding will result in litigation. Cf. *United States v. Baggot,* 463 U.S. 476, 481 (1983).

[5]The comment of the Bar Committee cited after the amendment of sec. 8 states:

"The 1979 amendments made two important changes to protect the limited liability of limited partners. A creditor reliance test was introduced by adding at the end of sec. 8(a) 'and then only to a person who transacts business with the partnership reasonably believing that the limited partner is a general partner.' And sec. 8(b) was added to permit a series of specific acts by limited partners. Both these changes are treated more fully below.

"The amendments recognize that limited partners are important providers of capital, especially with the enormous increase in popularity of limited partnerships because of their pass-through treatment in federal income tax law. The policy consideration underlying the amendments is that limited partners deserve reasonable immunity from liability when they take steps to preserve or protect their investment."

[Texas Uniform Limited Partnership Act, Tex. Rev. Civ. Stat. Ann. art. 6132a, secs. 8, 13 (Vernon 1970 & Supp. 1988).]

## APPENDIX

### COMPUTER PROGRAMS LAMBDA, LTD.

### ELECTION OF PAT REILLY AS NEW MATTERS PARTNER

| AGAINST | | FOR | | NO RESPONSE | |
|---|---|---|---|---|---|
| *Partner* | *Percentage* | *Partner* | *Percentage* | *Partner* | *Percentage* |
| American Applications[1] | 12.50 | A. Bassi | 3.13 | Z&M Clarkson | 2.08 |
| C&D Enterprises[1] | 13.96 | J.C. Bearden | 2.08 | D. Drassler | 6.25 |
| Pyke International[1] | 12.50 | C. Daboub | 2.08 | Erwin S/W Oil, Inc. | 6.25 |
| Total – against | 38.96 | K. Dillin | 2.08 | D.E. Lenamond | 1.56 |
| | | O.L. Golden, Jr. | 2.08 | N.D. Lenamond | 2.08 |
| | | J.M. Lacy | 6.25 | J. Sinioris | 6.25 |
| | | A. Levine, M.D. | 2.08 | E.L. VanOverschelde | 3.13 |
| | | W.C. Mitchell, Jr. | 1.05 | Total – no response | 27.60 |
| | | P.H. Peebles | 1.56 | Grand total | 100.00 |
| | | J.B. Ray | 1.05 | | |
| | | W.J. Razzouk | 3.13 | | |
| | | P. Reilly | 0.63 | | |
| | | A.D. Roberts, Sr. | 2.08 | | |
| | | J. Stone | 2.08 | | |
| | | Jay Stone Sales | 2.08 | | |
| | | Total – for | 33.44 | | |

[1]These entities are believed to be affiliated with William A. Pyke.