SENECA, LTD., H. QUINTIN FOSTER, JR., and DOROTHY L. FOSTER, PARTNERS OTHER THAN THE TAX MATTERS PARTNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 37276-87.        Filed February 16, 1989.

*Paul S. Schleifman,* for the petitioners.
*R. Alan Lockyear,* for the respondent.

OPINION

WILLIAMS, *Judge:* This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioners failed to file their petition for readjustment of partnership items within the time prescribed by section 6226(b)(1)[1] of the partnership audit and litigation proce-

---

[1]All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue, unless otherwise indicated.

dures. Petitioners object on the ground that the final notice of partnership administrative adjustment was invalid and, consequently, that the statutory period for filing a petition never commenced.

The material facts are not in dispute. At the time the petition was filed in this case, the partnership in which petitioners were partners, Seneca, Ltd. (Seneca), had its principal place of business in Covina, California.

On or about May 1, 1984, Richard E. Donovan organized Seneca as a limited partnership. Seneca has 32 limited partners including petitioners, but Donovan served as the sole general partner and as Seneca's tax matters partner. On December 5, 1986, an involuntary bankruptcy petition under chapter 7 of the United States Bankruptcy Code was brought against Donovan in the U. S. Bankruptcy Court for the Central District of California. Consequently, his designation as the tax matters partner for Seneca terminated on that date. Secs. 301.6231(c)-7T, and 301.6231(a)(7)-1T(L)(4), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792-6793 (March 5, 1987); *Computer Programs Lambda, Ltd. v. Commissioner,* 89 T.C. 198 (1987). During 1986, respondent commenced an examination of Seneca in which respondent disallowed Seneca's claimed deductions, credits, and losses for the 1984 tax year. On June 18, 1987, an FPAA was sent, via certified mail, to "Seneca, Ltd., Tax Matters Partner" at the partnership's address. On July 6, 1987, respondent mailed a copy of this FPAA to petitioners who were notice partners of Seneca as defined in section 6231(a)(8).

The 90-day period following the mailing of the FPAA to the tax matters partner during which only the tax matters partner could file a petition for redetermination of partnership adjustments pursuant to section 6226(a) expired on September 16, 1987. The subsequent 60-day period within which a notice partner could file a petition for redetermination pursuant to section 6226(b)(1) expired on November 16, 1987. Petitioners, as notice partners, mailed a petition for readjustment on November 17, 1987, which was received on November 20, 1987, by this Court. Respondent filed a motion to dismiss for lack of jurisdiction because the petition was untimely filed.

The FPAA addressed to petitioners was a standard form notice of final partnership administrative adjustment and stated that respondent had determined adjustments to Seneca's partnership return for its 1984 taxable year. The date the FPAA was mailed to the tax matters partner was stated on the form, as were the name and phone number of a person to contact with questions. The notice further provided the following instructions for partners who wished to challenge respondent's proposed adjustments:

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. * * *

A prerequisite to our jurisdiction over a partnership action is a timely petition filed by either a tax matters partner or a notice partner of a partnership after an FPAA is mailed to the tax matters partner of the partnership. Sec. 6223(a)(2) and sec. 6226(a) and (b). Section 6226(b) provides that notice partners may only file a petition for readjustment of partnership items if the tax matters partner has failed to file a petition within the statutory period. A notice partner must file a petition within the 60-day period following the close of the 90-day period allotted for filing by the tax matters partner. *Transpac Drilling Venture 1982-22 v. Commissioner,* 87 T.C. 874 (1986). Because the petition in this case was filed subsequent to the close of the 60-day period for filing petitions of notice partners, we must grant respondent's motion to dismiss for lack of jurisdiction unless the FPAA mailed to Seneca's tax matters partner is invalid.

Petitioners contend that the FPAA mailed to Seneca's place of business and addressed generically to the partnership's tax matters partner is invalid. Seneca was without a tax matters partner at the time the FPAA was issued, due to Donovan's involvement in a bankruptcy action. Petitioners argue that the FPAA required to be sent to the tax matters partner is null and void because respondent failed to appoint a tax matters partner for the partnership pursuant to section 6231(a)(7). Under this view, the statutory time period provided for the filing of a petition by a notice partner never began to run.

Initially, we note petitioners' argument presumes that respondent has a mandatory duty to appoint a substitute tax matters partner for a partnership in the absence of any general partner to serve as such. We find this presumption mistaken. Although, as we have stated in previous opinions, the continual presence of a tax matters partner is essential to the operation of the statutory procedures of section 6221 et seq., during both administrative proceedings and litigation, we have not suggested that interruptions in the service of a tax matters partner could never be tolerated. Respondent was given power to appoint a tax matters partner because the partnership procedures assume that adequate notice and hearing for all partners on their potential tax liability flowing from the partnership requires a tax matters partner capable of acting on the partnership's behalf. *Computer Programs Lambda, Ltd. v. Commissioner, supra* at 205. Similarly, a tax matters partner is important to the conduct of subsequent litigation, and we have exercised our inherent powers as a Court to appoint a substitute tax matters partner during partnership litigation to assure the fair, efficient, and consistent progress and disposition of partnership litigation. *Computer Programs Lambda, Ltd. v. Commissioner,* 90 T.C. 1125 (1988).

Congress granted respondent in section 6231(a)(7) the power to appoint a substitute tax matters partner in order to continue the fair, efficient, and consistent administration of partnership actions in the event a designated tax matters partner is nonexistent or is terminated as tax matters partner, and no other general partners in the partnership are eligible to serve as tax matters partner for the

partnership.[2] See sec. 301.6231(a)(7)-1T(m), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987). Respondent, therefore, has a public duty to assure the fairness of the partnership's administrative proceedings. The power to appoint a tax matters partner for a partnership is given to respondent in order to assist him in carrying out his administrative responsibilities in partnership proceedings. Nevertheless, the language of section 6231(a)(7) does not compel respondent to exercise this power if no prejudice results from the lack of a tax matters partner to the rights of remaining partners.

In this case, the absence of a tax matters partner for Seneca had no adverse effect on petitioners' rights to notice and hearing. Respondent mailed an FPAA to petitioners on July 6, 1987, which was received in due course by petitioners. The FPAA detailed instructions on the time period within which notice partners could seek judicial review of partnership adjustments, and provided a phone number to call with any questions. The FPAA included the date on which the 150-day period for filing a petition began to run pursuant to section 6226, i.e., the date the notice was mailed to the tax matters partner of Seneca. See *Byrd Investments v. Commissioner,* 89 T.C. 1 (1987), affd. without published opinion 853 F.2d 928 (11th Cir. 1988). All the information that petitioners needed to protect their interests was presented to them in the FPAA. *Chomp Associates v. Commissioner,* 91 T.C. 1069 (1988). Neither the absence of a tax matters partner nor respondent's failure to appoint a tax matters partner in this case interfered with petitioners' timely receipt of the FPAA.

We have noted the similar functions of the FPAA and the statutory notice of deficiency. *Clovis I v. Commissioner,* 88

---

[2]Section 6231(a)(7) provides:

(7) TAX MATTERS PARTNER. The tax matters partner of any partnership is—

(A) the general partner designated as the tax matters partner as provided in regulations, or

(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.

T.C. 980, 982 (1987). As the function of the statutory notice is to give adequate notice to a taxpayer of respondent's determination of a deficiency, the function of the FPAA is to give adequate notice to affected taxpayers that respondent has made a final partnership administrative adjustment for the tax years involved. The existence of a tax matters partner at the time the FPAA was issued was not critical in this case to petitioners' receipt of adequate notice to challenge respondent's determination.

Petitioners received adequate notice of respondent's final partnership administrative adjustment in time to protect their interests. Under these circumstances, we hold that the existence of Seneca's tax matters partner was not a necessary condition for a valid FPAA, because the FPAA sent to petitioners provided adequate notice of when and how to commence a partnership proceeding in this Court. Any injury that petitioners suffer as a result of filing their petition out of time was caused by their own inaction and was not caused by respondent's conduct. We will grant respondent's motion to dismiss for lack of jurisdiction.

*An order dismissing this case for lack of jurisdiction will be entered.*