SEPTEMBER PARTNERS, LTD., JAMES L. BROWN, WILLIAM J. CUNNEEN, ARTHUR W. LEIGHTON, PARTNERS OTHER THAN THE TAX MATTERS PARTNER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent September Partners, Ltd. v. Commissioner
Docket Nos. 4119-88; 4120-88; 4121-88
United States Tax Court
T.C. Memo 1990-33; 1990 Tax Ct. Memo LEXIS 33; 58 T.C.M. (CCH) 1244; T.C.M. (RIA) 90033; January 18, 1990; As corrected January 29, 1990 John C. Giomi and Robert A. Klayman, for the petitioners. *35 R. Alan Lockyear, Henry S. Schneiderman and William A. Heard III, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: These consolidated cases are before us on the parties' cross motions to dismiss for lack of jurisdiction. The Commissioner determined adjustments to the partnership returns of September Partners, Ltd. ("SPL"), October Partners, Ltd. ("OPL"), and Winter Park Partners, Ltd. ("WPPL") (collectively, "the Partnerships"), for their 1983 taxable years as set forth in his notices of final partnership administrative adjustment issued to each partnership on October 2, 1987. Respondent moved to dismiss these cases on the ground that pursuant to section 6226(b)(1)[2] the notice partners may not file a petition in this Court because the tax matters partner of each partnership had already filed pursuant to section 6226(a) in a District Court. Petitioners countered that the petitions filed in District Court were not filed by a tax matters partner. Petitioners moved to dismiss these cases on the *36 ground that notices of Final Partnership Administrative Adjustment ("FPAA") were not sent to the tax matters partner and, therefore, are invalid. Respondent countered that a generic FPAA, properly mailed, satisfies the statutory requirement of mailing an FPAA to the tax matters partner, and alternatively, that the FPAAs were valid because the notice partners received actual notice in time to file timely petitions. The material facts are not in dispute. SPL, OPL, and WPPL are limited partnerships organized under the laws of the State of California. The principal place of business of each partnership was San Diego, California. Petitioners James L. Brown, William J. Cunneen, and Arthur W. Leighton are limited partners of SPL. Petitioners Ronald W. and Marlene F. Davis, Ronald P. and Kathy L. Fawcett, Melvyn W. and Rebecca L. Moore, and Steve and Margaret Katona are limited partners of OPL. Petitioners Delbert G. Taylor, Irwin and Florence Ginsberg, and Richard A. and Faye E. Tobias are limited partners of WPPL. American Principles Leasing Corporation ("APLC") is the sole general partner of each of the Partnerships. APLC was the tax matters partner for the Partnerships by operation *37 of section 6231(a)(7)[3] and section 301.6231(a)(7)-1T(m), Temporary Proced. & Admin. Regs., because as the sole general partner, it was the general partner with the largest profits interest. Petitioners are notice partners of their respective Partnerships as defined in section 6231(a)(8). Petitioners also comprise five-percent notice groups as defined in section 6231(a)(11). [4]
*38 APLC filed a petition in bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court of the Southern District of California in September of 1985. Consequently, its designation as the tax matters partner for the Partnerships terminated on that date. Secs. 301.6231(c)-7T and 301.6231(a)(7)-1T(1)(4), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792-6793 (Mar. 5, 1987); Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. 198 (1987). Respondent received notice of the bankruptcy at least by October 1985. On October 2, 1987, respondent sent an FPAA to "Tax Matters Partner, American Principles Leasing, 9285 Chesapeake Drive, Suite N-O, San Diego, CA 92123," for each of the Partnerships. He also sent an FPAA to the Partnerships' "Tax Matters Partner" at their business addresses. Respondent also sent copies of the FPAA to the notice partners, including petitioners. Since the time these motions were argued and briefed, we have decided two cases that dispose of the motions. Barbados #7 v. Commissioner, 92 T.C. 804 (1989); Seneca Ltd. v. Commissioner, 92 T.C. 363 (1989). *39 To commence a partnership action there must be (1) a valid FPAA and (2) a timely petition. Petitioners claim the FPAA was invalid because there was no tax matters partner at the time respondent mailed the FPAA to the Partnerships or to them. Petitioners contend that the Partnerships did not have any other general partners besides APLC, which ceased being tax matters partner upon its filing in bankruptcy. Respondent agrees that APLC's designation as tax matters partner terminated by virtue of its filing a petition in bankruptcy. Secs. 301.6231(a)(7)-1T(m)(3) and 301.6231(a)(7)-1T(1)(4), Temporary Admin. & Proced. Regs.; Computer Programs Lambda, supra at 206. Respondent argues, however, that APLC was redesignated as tax matters partner by the regulations. We rejected respondent's argument in Barbados #7 v. Commissioner, 92 T.C. 804 (1989). In Barbados #7, we held that a sole general partner whose status as tax matters partner is terminated because it files a petition *40 in bankruptcy is not redesignated as tax matters partner by reason of being the general partner with the largest profits interest. APLC, therefore, was not the tax matters partner at the time respondent mailed the FPAA. In support of their motions petitioners argue that the limited partners could not appoint a new tax matters partner. In these circumstances, petitioners argue that respondent was obligated to appoint a new tax matters partner because only respondent had the authority to designate a limited partner as tax matters partner. Because respondent failed to appoint a new tax matters partner, petitioners argue, the FPAAs were not valid because they could not have been mailed to the tax matters partners. Petitioners argue that their case is particularly compelling because respondent long had notice of the bankruptcy. We rejected petitioners' argument in Seneca Ltd. v. Commissioner, 92 T.C. 363 (1989). In Seneca, an involuntary bankruptcy petition was brought against the sole general partner of a partnership before the FPAA was issued. The case was before us on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioners failed *41 to file their petition within the time prescribed. The partners argued that the FPAA was invalid and, consequently, that the statutory period for filing a petition never commenced. In Seneca, respondent issued an FPAA to "[the partnership], Tax Matters Partner" at the partnership's address. Respondent also mailed copies of this FPAA to the notice partners of the partnership. The notice partners filed a petition in this Court one day after the end of the 60-day period within which a notice partner could file a petition. The partners argued that the FPAA sent to the partnership's place of business and addressed generically to the partnership's tax matters partner was invalid. 92 T.C. at 366. We held that respondent is not required to appoint a tax matters partner where the partners receive adequate notice and opportunity to protect their interests. 92 T.C. at 367. Although the continual presence of a tax matters partner is essential, Computer Programs Lambda, Ltd. v. Commissioner, supra, nothing in section 6231(a)(7) compels respondent to exercise *42 his power to appoint a tax matters partner if no prejudice results from the lack of a tax matters partner to the rights of remaining partners. Seneca, Ltd. v. Commissioner, supra at 366-367. The notices issued to the "Tax Matters Partner" and sent to the business addresses of the Partnerships were valid notices of FPAA pursuant to section 6223(a)[5] and section 301.6223(a)-1T(a), Temporary Admin. & Proced. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987). [6]Barbados #7 v. Commissioner, 92 T.C. 804, 807-808 (1989); Chomp Associates v. Commissioner, 91 T.C. 1069, 1073-1074 (1988); H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663. Petitioners timely filed their petitions within the 60-day period allowed for notice partners. Petitioners, therefore, received adequate notice and opportunity to protect their interests. We, therefore, will deny petitioners' motions to dismiss. *43 The 90-day period following the mailing of the FPAA to the tax matters partner during which only the tax matters partner could file a petition for redetermination of partnership adjustments pursuant to section 6226(a) expired on January 2, 1988. The subsequent 60-day period within which a notice partner could file a petition for redetermination pursuant to section 6226(b)(1) expired on March 2, 1988. APLC filed a petition for readjustment of partnership items in the United States District Court for the Southern District of California as tax matters partner for the Partnerships pursuant to section 6226(a)[7] on December 29, 1987. APLC filed its petition within the 90-day period. This petition, however, was a nullity because APLC was not the tax matters partner; the petition, therefore, did not commence a partnership action. Computer Programs Lambda, Ltd. v. Commissioner, supra at 202. *44 Petitioners, as notice partners, mailed their petitions for readjustment to this Court on February 29, 1988, which we received on March 3, 1988. The petitions were deemed timely filed within the 60-day period allowed. Sec. 7502. Because no petition was filed by a tax matters partner and because these petitions were timely filed, these petitions commenced partnership actions over which we have jurisdiction. Sec. 6626(b)(1). [8] We, therefore, will also deny respondent's motions to dismiss. This case remains before us on the valid petitions filed by petitioners as notice partners. *45 In Computer Programs Lambda, Ltd. v. Commissioner, supra, the partnership at issue did not have a tax matters partner. We stressed that the presence of a tax matters partner during litigation is essential to the proper operation of the statutory procedures of section 6221 et seq., to assure the fair, efficient, and consistent progress and disposition of partnership proceedings before us. In Computer Programs Lambda, we directed the partners to appoint a substitute tax matters partner within 60 days after our opinion was filed. We also stated that if the partners failed to appoint a substitute, we would appoint a partner to serve as tax matters partner in our proceedings after appropriate notice and hearing. Computer Programs Lambda, Ltd. v. Commissioner, 89 T.C. at 206 n.9. [9] We similarly direct the limited partners in this case to appoint a substitute tax matters partner within 60 days of the date this opinion is filed. [10]
*46 Respondent's Motions to Dismiss will be denied. Petitioners' Motions to Dismiss will be denied. An appropriate order will be issued. Footnotes
1. Cases of the following petitioners have been consolidated herewith: October Partners, Ltd., Ronald W. and Marlene F. Davis, Ronald P. and Kathy L. Fawcett, Melvyn W. and Rebecca L. Moore, Steve and Margaret Katona, partners other than the tax matters partner, docket No. 4120-88; and Winter Park Partners, Ltd., Delbert G. Taylor, Irwin and Florence Ginsberg, Richard A. and Fay E. Tobias, partners other than the tax matters partner, docket No. 4121-88.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue, unless otherwise indicated.↩
3. (7) TAX MATTERS PARTNER. -- The tax matters partner of any partnership is -- (A) the general partner designated as the tax matters partner as provided in regulations, or (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing). If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner. ↩
4. We note that the partnerships had less than 100 partners and so respondent was required to mail an FPAA to each partner, and partners were not required to file as five-percent groups. Secs. 6223, 6226(b)(1)↩.
5. SEC. 6223. NOTICE TO PARTNERS OF PROCEEDINGS. (a) SECRETARY MUST GIVE PARTNERS NOTICE OF BEGINNING AND COMPLETION OF ADMINISTRATIVE PROCEEDINGS. -- The Secretary shall mail to each partner whose name and address is furnished to the Secretary notice of -- (1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and (2) the final partnership administrative adjustment resulting from any such proceeding. A partner shall not be entitled to any notice under this subsection unless the Secretary has received (at least 30 days before it is mailed to the tax matters partner) sufficient information to enable the Secretary to determine that such partner is entitled to such notice and to provide such notice to such partner. ↩
6. Section 301.6223(a)-1T. Notice sent to tax matters partner. (a) In general. * * * a notice is treated as mailed to the tax matters partner on the earlier of -- (1) The date on which the notice is mailed to "THE TAX MATTERS PARTNER" at the address of the partnership (as provided on the partnership return * * *), or (2) The date on which the notice is mailed to the person who is the tax matters partner at the address of that person (as provided on the partner's return, except as updated under sec. 301.6223(c)-1T) or the partnership.↩
7. SEC. 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS. (a) PETITION BY TAX MATTERS PARTNER. -- Within 90 days after the day on which a notice of final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with -- (1) the Tax Court, (2) the district court of the United States for the district in which the partnership's principal place of business is located, or (3) the Claims Court.↩
8. Section 6226(b) provides as follows: (b) PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER. -- (1) IN GENERAL. -- If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5 percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).↩
9. We note that the partners in Computer Programs Lambda were unable to appoint a substitute tax matters partner. By supplemental opinion, we appointed a partner to serve as tax matters partner in our proceedings. Computer Programs Lambda, Ltd. v. Commissioner, 90 T.C. 1124↩ (1988). 10. Rule 250(a), Tax Court Rules of Practice and Procedure, provides: (a) Appointment of Tax Matters Partner: If, at the time of commencement of a partnership action by a partner other than the tax matters partner, the tax matters partner is not identified in the petition, the Court will take such action as may be necessary to establish the identity of the tax matters partner or to effect the appointment of a tax matters partner.↩