T.C. Memo. 1996-344


UNITED STATES TAX COURT


TRANSPAC DRILLING VENTURE 1982-08, ALBERT D. & LUELLA L.
ESHELMAN, A PARTNER OTHER THAN THE TAX MATTERS PARTNER,
 Petitioners <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18511-90.                    Filed July 30, 1996.


<u>Charles Haydon</u>, for petitioners.

<u>William A. Heard III</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on participating partner Milton Chwasky's Motion for Leave to
File Motion to Vacate Decision filed pursuant to Rule 162.[1]

The issue for decision is whether grounds exist in this case
for vacating what is otherwise a final decision.

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

Background

Transpac Drilling Venture 1982-08 (Transpac) is a partnership subject to the unified partnership audit and litigation procedures set forth in sections 6221 through 6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648.

On March 23, 1990, respondent issued three separate notices of final partnership administrative adjustment (FPAA) to Transpac's tax matters partner (TMP) setting forth adjustments to Transpac's partnership items for 1982, 1983, and 1984. On April 10, 1990, respondent mailed copies of the FPAA's described above to Transpac partners Albert D. and Luella L. Eshelman (petitioners).

On August 17, 1990, Charles Haydon, Esq. (Mr. Haydon) filed a timely petition for readjustment on behalf of petitioners, as partners other than the TMP, contesting the FPAA's described above.[2] Sec. 6226(b). Paragraph 7 of the petition states: "The name and address of the tax matters partner, so far as known, are

_____

[2] The petition includes an allegation that Transpac's principal place of business is Scarsdale, N.Y. Respondent's answer to the petition includes a denial of this allegation for lack of sufficient information. Sec. 7482(b)(1)(E) provides that an appeal in this case will lie with the Court of Appeals for the circuit in which the partnership's principal place of business is located. Considering the limited circumstances under which this Court may vacate a final decision (as more fully discussed below), we do not find it necessary to determine Transpac's principal place of business in order to rule on the pending motion.

Churchhill Oil & Gas Company, Inc., a Texas Corporation, 2435 Faber Place, Suite 200, Palo Alto, California 94303."  On October 15, 1990, respondent filed an answer to the petition.

On October 19, 1990, Mr. Haydon filed a Notice of Election to Participate on behalf of the following Transpac partners: Milton and Claire Chwasky, Donald A. and Maureen S. Cryan, Herbert and Hartwig Koenig, Murray A. and Adrienne Meltzer, and Murray and Doris Dichek.  Sec. 6226(c)(2); Rule 245(b).

On January 11, 1991, the Court issued an order assigning this case to Judge Charles E. Clapp for trial or other disposition.  A copy of this order was mailed to the TMP at the address provided in the petition but was returned to the Court by the U.S. Postal Service marked "RETURN TO SENDER NO FORWARD ORDER ON FILE UNABLE TO FORWARD".

On April 20, 1992, petitioners filed a Motion for Summary Judgment on the ground that respondent had failed to issue the disputed FPAA's within the applicable period of limitations. Petitioners' Motion for Summary Judgment was denied.  See Transpac Drilling Venture 1982-16 v. Commissioner, T.C. Memo. 1994-26.

On May 11, 1994, the Court issued an order advising petitioners and the participating partners that documents served on the TMP were returned to the Court as undeliverable by the U.S. Postal Service.  The order, which includes a citation to

Computer Programs Lambda, Ltd. v. Commissioner, 90 T.C. 1124, 1126 (1988), for the proposition that a viable TMP is necessary to ensure the fair, efficient, and consistent disposition of TEFRA partnership proceedings, directs the petitioners and the participating partners to select a successor TMP and notify the Court in writing, on or before June 20, 1994, of the name and address of the successor TMP.

The Court did not receive a response to its order dated May 11, 1994. Accordingly, on August 19, 1994, the Court issued an order directing petitioners and the participating partners to show cause, on or before September 23, 1994, why the case should not be dismissed for failure to properly prosecute.

Once again, the Court did not receive a response to its order. Consequently, on October 26, 1994, the Court entered an Order of Dismissal and Decision in which it (1) made its order to show cause dated August 19, 1994, absolute, (2) dismissed this case for failure to properly prosecute, and (3) entered a decision sustaining respondent's adjustments to Transpac's partnership items for 1982, 1983, and 1984.

The Court's Order dated May 11, 1994, the Court's Order to Show Cause dated August 19, 1994, and the Court's Order of Dismissal and Decision entered October 26, 1994, were all served on Mr. Haydon as counsel of record for petitioners and the

participating partners, specifically including participating partner Milton Chwasky. Rules 246(b), 247, 21(b)(2).

As previously stated, on April 17, 1996, participating partner Milton Chwasky filed a Motion for Leave to File Motion to Vacate Decision and lodged a Motion to Vacate Decision with the Court. Attached to such motion for leave is an affidavit executed by Milton Chwasky which states that petitioners and the participating partners failed to respond to the Court's orders dated May 11, 1994, and August 19, 1994, due to a breakdown in the lines of communication between Mr. Haydon and Transpac's accountant, Mr. Bernard J. Pitkoff. Mr. Chwasky's Motion for Leave to File Motion to Vacate Decision includes an allegation that respondent does not object to the motion.

This matter was called for hearing in Washington, D.C., on May 22, 1996. Counsel for respondent appeared at the hearing and explained that, contrary to representations made to Mr. Haydon prior to the filing of the Motion for Leave to File Motion to Vacate Decision, respondent intended to oppose the pending motion.[3] In particular, counsel for respondent asserted that Milton Chwasky's motion should be denied because the standards required to support a motion to vacate a final decision had not been satisfied.

---

[3] Counsel for respondent advised the Court that he notified Mr. Haydon the day before the hearing that respondent would oppose Mr. Chwasky's motion at the hearing.

Mr. Haydon did not appear at the hearing. However, in light of respondent's belated decision to oppose Mr. Chwasky's motion, the Court offered Mr. Haydon the opportunity for a second hearing or to file a written statement with the Court. Mr. Haydon elected the second option and filed a written statement with the Court on May 28, 1996.

Mr. Haydon's written statement contains a discussion of the circumstances surrounding Mr. Haydon's communications with respondent's North Atlantic Regional Counsel's office leading up to the filing of Mr. Chwasky's Motion for Leave to File Motion to Vacate Decision. In sum, Mr. Haydon contends that Regional Counsel's decision not to object to the motion for leave was based on equitable considerations; i.e., that Transpac's general partner has defrauded the limited partners and that the latter deserved their day in court. In this regard, Mr. Haydon argues that respondent should be bound by Regional Counsel's decision not to object to the pending motion.

Discussion

The question presented is whether grounds exist in this case for vacating what is otherwise a final decision. As explained in greater detail below, we shall deny Mr. Chwasky's Motion for Leave to File Motion to Vacate Decision.

The decision in this case was entered on October 26, 1994. Sec. 7459(c). A decision of this Court becomes final upon

expiration of the time to file a notice of appeal with respect to such decision. Sec. 7481(a)(1). Generally, a notice of appeal must be filed within 90 days after the decision is entered by this Court. Sec. 7483; Fed. R. App. P. 13(a). The 90-day appeal period may be extended with the timely filing of a motion to vacate or revise the decision. Fed. R. App. P. 13(a). Absent special leave of the Court, such a motion must be filed within 30 days after the decision has been entered. Rule 162. The disposition of a motion for leave to file a motion to vacate or revise a decision lies within the sound discretion of the Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1.

In the instant case, neither petitioners nor the participating partners filed a notice of appeal or a timely motion to vacate or revise the decision entered October 26, 1994. Thus, the decision became final on Tuesday, January 24, 1995, 90 days after the decision was entered. Sec. 7481(a)(1).

Once a decision of this Court becomes final, we may vacate the decision only in certain narrowly circumscribed situations. Helvering v. Northern Coal Co., 293 U.S. 191 (1934). For instance, some courts have ruled that this Court may vacate a final decision if that decision is shown to be void, or a legal nullity, for lack of jurisdiction over either the subject matter or the party, see Billingsley v. Commissioner, 868 F.2d 1081 (9th

Cir. 1989); <u>Abeles v. Commissioner</u>, 90 T.C. 103, 105-106 (1988); <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 71 T.C. 108, 111-112 (1978), or if the decision was obtained through fraud upon the Court; see <u>Abatti v. Commissioner</u>, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); <u>Senate Realty Corp. v. Commissioner</u>, 511 F.2d 929, 931 (2d Cir. 1975); <u>Stickler v. Commissioner</u>, 464 F.2d 368, 370 (3d Cir. 1972); <u>Casey v. Commissioner</u>, T.C. Memo. 1992-672. In addition, some courts have indicated that the Tax Court has the power in its discretion, in extraordinary circumstances, to vacate and correct a final decision where it is based upon a mutual mistake of fact, see <u>La Floridienne J. Buttgenbach & Co. v. Commissioner</u>, 63 F.2d 630 (5th Cir. 1933).[4] On the other hand, the Court of Appeals for the Eighth Circuit has adopted the more restrictive view that the Tax Court lacks general equitable powers, and, therefore, that this Court lacks the authority to vacate or revise an otherwise final decision. See <u>Webbe v. Commissioner</u>, 902 F.2d 688, 689 (8th Cir. 1990), affg. T.C. Memo. 1987-426; see also <u>Heim v. Commissioner</u>, <u>supra</u> at 249 (Lay, C.J., concurring).

---

[4] Although the U.S. Court of Appeals for the Sixth Circuit cited mutual mistake of fact as a grounds for vacating a final decision of this Court in <u>Reo Motors, Inc. v. Commissioner</u>, 219 F.2d 610 (6th Cir. 1955), the Sixth Circuit recently concluded that <u>Reo Motors, Inc.</u> was effectively overruled by virtue of the Supreme Court's affirmance of <u>Lasky v. Commissioner</u>, 235 F.2d 97 (9th Cir. 1956), affd. per curiam 352 U.S. 1027 (1957). See <u>Harbold v. Commissioner</u>, 51 F.3d 618, 621-622 (6th Cir. 1995).

As previously discussed, the record does not establish Transpac's principal place of business. Accordingly, there is uncertainty regarding the appropriate venue of an appeal in this case. Sec. 7482(b)(1)(E). However, we do not find the question of appellate venue to be critical to the disposition of the pending motion. Applying the law to the facts presented, we shall deny Mr. Chwasky's motion on the ground that we lack authority to vacate the decision.

In the present case, there is no allegation that the Court lacked jurisdiction to enter the decision of October 26, 1994, or that the decision arose from either a fraud upon the Court or mutual mistake. As indicated, Mr. Chwasky's motion for leave is based solely on the equitable consideration that Transpac's limited partners be given their day in court.

The Court entered its decision in this case after giving the petitioners and the participating partners ample opportunity to appoint a successor TMP. See Computer Programs Lambda, Ltd. v. Commissioner, 90 T.C. 1124, 1126 (1988). Although the apparent lack of communication between petitioners and the participating partners and their counsel is unfortunate, the fact remains that the decision entered in this case is now final. Consistent with the cases discussed above, we are obliged to respect the finality of that decision. Consequently, we shall deny Mr. Chwasky's Motion for Leave to File Motion to Vacate Decision.

To reflect the foregoing,

<u>An order denying Milton Chwasky's Motion for Leave to File Motion to Vacate Decision will be issued.</u>