T.C. Memo. 2016-25

UNITED STATES TAX COURT

BERKSHIRE 2006-5, LLP, CARL F. HATTLER, A PARTNER OTHER THAN
THE TAX MATTERS PARTNER, ET AL.,[1] Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 26512-14, 28623-14,  Filed February 17, 2016.
28696-14.

Lindsey W. Cooper, Jr., and Margarete L. Allio, for petitioner.

Scott Lyons and Johnny Craig Young, for respondent.

---

[1]The Court has consolidated the following cases for this opinion: Berkshire 2006-5, LLP, Carl F. Hattler, A Partner Other Than the Tax Matters Partner, docket No. 26512-14; Drilling Deep in Louisiana Water, LLP, Carl F. Hattler, A Partner Other Than the Tax Matters Partner, docket No. 28623-14; and Gulf Coast Development #12 LLP, Carl F. Hattler, A Partner Other Than the Tax Matters Partner, docket No. 28696-14.

[*2]                                   MEMORANDUM OPINION

BUCH, Judge:  Carl Hattler invested in three partnerships that were subject

to the partnership provisions of the Tax Equity and Fiscal Responsibility Act of

1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648.  The

Commissioner issued notices of final partnership administrative adjustment

(FPAAs) for the partnerships, determining that the partnerships were not entitled

to deduct any of the intangible drilling costs they reported.  Mr. Hattler, a notice

partner other than the tax matters partner (TMP), filed petitions after the 150th day

from the date the Commissioner mailed FPAAs to the TMPs.  The Commissioner

filed motions to dismiss for lack of jurisdiction, alleging the petitions were

untimely.  Section 6226(b) allows a partner other than the tax matters partner to

file a petition no later than 150 days from the date the Commissioner mails the

FPAA to the TMP.[2]  Because Mr. Hattler filed the petitions after this time, we lack

jurisdiction and will grant the Commissioner's motions to dismiss.

---

[2]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*3]                               Background

Mr. Hattler invested in three partnerships:  Berkshire 2006-5, LLP (Berkshire 2006-5), Drilling Deep in Louisiana Water, LLP (Drilling), and Gulf Coast Development #12 LLP (Gulf).  These partnerships were subject to the TEFRA partnership audit and litigation procedures of sections 6221 through 6234.

Berkshire Resources, LLC (Berkshire Resources), was the general partner and TMP for all three partnerships.  In 2009 the Securities and Exchange Commission filed fraud complaints against the principals of Berkshire Resources, and the State of Wisconsin administratively dissolved Berkshire Resources on June 10, 2009.

The Commissioner examined the partnership return of each of the three partnerships and issued an FPAA with respect to each of them.  The Berkshire 2006-5 and Drilling FPAAs were for the 2006 partnership taxable year, and the Gulf FPAA was for the 2007 partnership taxable year.  The Commissioner determined that the partnerships were not entitled to deduct any of the intangible drilling costs that they reported.  The Commissioner issued each partnership's FPAA on June 5, 2014, and mailed an FPAA addressed to each "Tax Matters

[*4] Partner" at each partnership's address on that date.[3] That same day the Commissioner also mailed a copy of each partnership's FPAA to "Berkshire Resources" as TMP to three different addresses, i.e., each of three separate FPAAs was sent to each of three separate addresses, for a total of nine FPAAs in addition to the three FPAAs sent to "Tax Matters Partner".

The Commissioner also mailed copies of the FPAAs for each of the three partnerships to Mr. Hattler, as a notice partner, within 60 days of mailing the FPAAs to the respective TMPs.[4] On June 30, 2014, the Commissioner mailed the Drilling FPAA to Mr. Hattler, and on July 14, 2014, the Commissioner mailed the

---

[3]The Berkshire 2006-5 FPAA was addressed to:

Tax Matters Partner, Berkshire 2006-5 LLP, 123 West 1st Street Suite 675, Casper, WY 82601-7505.

The Drilling FPAA was addressed to:

Tax Matters Partner, Drilling Deep in Louisiana Water LLP, 123 West 1st Street Suite 675, Casper, WY 82601-7505.

The Gulf FPAA was addressed to:

Tax Matters Partners, Gulf Coast Development #12 LLP, 123 West 1st Street Suite 675, Casper, WY 82601-7505.

[4]See sec. 6223(d)(2).

[*5] Berkshire 2006-5 and the Gulf FPAAs to Mr. Hattler.  These FPAAs provided

the dates that the FPAAs had been sent to the TMP and explained:

> A petition filed by the TMP precludes all other actions.  If the TMP
> doesn't file a petition by the 90th day from the date the FPAA was
> mailed, any partner or any 5 percent group entitled to receive this
> notice may petition one of these courts. * * * The petition must be
> filed after the 90th day, but on or before the 150th day from the date
> the FPAA was mailed to the TMP. * * * The time in which you must
> file a petition with the court is fixed by law and the court cannot
> consider your case if your petition is filed late.

On November 4, 2014, Mr. Hattler mailed petitions for all three partnerships

using Federal Express's priority overnight shipping service.  The Court received

the petitions on November 5, 2014.[5]  At the time the petitions were filed, all three

partnerships were no longer operating and thus had no principal place of business.[6]

---

[5]The Court assigned the case docket No. 26512-14.  After originally treating all three petitions as one case, the Court ordered the cases severed into three separate cases, found at docket Nos. 26512-14, 28623-14, and 28696-14.

[6]When a partnership action is commenced, the petition must include the principal place of business of the partnership at the time the petition is filed.  Rule 241(c)(2).  Mr. Hattler's petitions did not include this information, but in his objections to the Commissioner's motions, he informed the Court that because the partnerships were defunct before the petitions were filed, they have no principal place of business.  Accordingly, absent an agreement to the contrary, these cases are appealable to the Court of Appeals for the District of Columbia Circuit.  See sec. 7482(b).

**[\*6]**  The Commissioner filed motions to dismiss for lack of jurisdiction alleging the petitions were untimely.  Mr. Hattler objected.  The Court consolidated these cases for the purpose of issuing this opinion.

## Discussion

The sole issue we must decide is whether we have jurisdiction to hear these cases.

I.      The Commissioner Sent Valid FPAAs to the TMP and to Mr. Hattler.

To make adjustments in a TEFRA proceeding the Commissioner must send an FPAA to the TMP pursuant to section 6223(a).  We have previously held that a generic FPAA addressed to the "Tax Matters Partner" satisfies this requirement.[7]

The last known address rules that apply to notices of deficiency do not apply to FPAAs.[8]  Instead, the Commissioner must send the FPAA to the address listed on the partnership return for the year in issue.[9]  The Commissioner is not

---

[7]Chomp Assocs. v. Commissioner, 91 T.C. 1069, 1073 (1988) ("[S]ection 6223 does not require that a specific TMP be enumerated on the FPAA."); sec. 301.6223(a)-1(a)(1), Proced. & Admin. Regs.

[8]See Taurus FX Partners, LLC v. Commissioner, T.C. Memo. 2013-168, at \*8 (relying on Utah Bioresearch 1984, Ltd. v. Commissioner, T.C. Memo. 1989-612); compare sec. 6212(b)(1) with sec. 6223(c)(1).

[9]Sec. 6223(c)(1); Triangle Investors Ltd. P'ship v. Commissioner, 95 T.C. 610, 613 (1990); sec. 301.6223(c)-1(a), Proced. & Admin. Regs.

**[\*7]** required to update the partnership's address unless someone sends a written statement on behalf of the partnership to notify the Commissioner of the new information.[10] This statement generally must be mailed to the Internal Revenue Service (IRS) service center where the partnership return was filed[11] and must contain: the partnership's name; a statement that the information provided is furnished to correct or supplement earlier information; the corrected or additional information; the tax year to which the information relates; the name, address, taxpayer identification number, and signature of the person supplying the information; and the name of each partner for whom this information is supplied.[12]

The Commissioner satisfied the requirement that he send notice to the TMP by mailing the generic FPAAs. On June 5, 2014, the Commissioner mailed a generic FPAA addressed to "Tax Matters Partner" at each partnership's respective address. Mr. Hattler's only challenge to these FPAAs is that because the partnerships were defunct, the FPAAs did not provide sufficient notice to the

---

[10]Sec. 6223(c)(2); Triangle Investors Ltd. P'ship v. Commissioner, 95 T.C. at 613; sec. 301.6223(c)-1(a), (b), (f), Proced. & Admin. Regs. (stating that the Commissioner "is not obligated to search * * * [his] records for information not expressly furnished under this section").

[11]Sec. 301.6223(c)-1(b)(2), Proced. & Admin. Regs.

[12]Sec. 301.6223(c)-1(b)(3), Proced. & Admin. Regs.

[*8] partnerships. Mr. Hattler does not allege that the Commissioner was properly notified of a new address or that the FPAAs were sent to the wrong address. He merely alleges that the Commissioner should have known that the address for the partnership was no longer valid; however, he does not allege that the IRS was properly notified of a change of address in the manner required under section 6223(c). Accordingly, the Commissioner satisfied the notice requirement and properly sent the FPAAs for each partnership to the TMP.

Mr. Hattler further argues that the FPAAs sent to Berkshire Resources as TMP for the three partnerships were invalid because Berkshire Resources was administratively dissolved before the FPAAs were issued. He is wrong. Even assuming that Berkshire Resources was no longer the TMP because it had been administratively dissolved, the Commissioner satisfied the notice requirement under section 6223(a) because the generic FPAAs mailed to the "Tax Matters Partner" at the partnerships' addresses are valid.

In the same vein, Mr. Hattler argues that the Commissioner should have designated a new TMP for the partnerships and his failure to appoint a new TMP invalidates the FPAAs. He is mistaken. The Commissioner's authority to select a TMP is very limited. First, the partnership must not have designated a TMP or the

**[\*9]** TMP's authority must have terminated.[13]  Then, the TMP is the general partner with the largest profits interest by operation of law.[14]  Only if that test is "impracticable to apply" can the Commissioner select a TMP.[15]  And in any event, there is simply nothing in section 6231(a)(7) that requires the Commissioner to select a TMP.

Moreover, Mr. Hattler was not prejudiced by the absences of named TMPs because he received timely notice.  The Commissioner is required to send a copy of the FPAA to all notice partners no later than the 60th day after mailing the FPAA to the TMP.[16]  Here, the Commissioner timely sent copies of the FPAAs to Mr. Hattler, allowing him ample time to file petitions of his own.

Seneca, Ltd. v. Commissioner[17] is instructive.  In that case the Seneca partnership did not have a TMP at the time the Commissioner issued the FPAA. The Commissioner sent a generic FPAA addressed to "Tax Matters Partner" and

---

[13]See, e.g., sec. 301.6231(a)(7)-1(l), Proced. & Admin. Regs. (setting forth those circumstances in which a TMP's designation is terminated).

[14]Sec. 6231(a)(7)(B); sec. 301.6231(a)(7)-1(m), Proced. & Admin. Regs.

[15]Sec. 6231(a)(7) (flush language); sec. 301.6231(a)(7)-1(n), Proced. & Admin. Regs.

[16]Secs. 6223(a), (d)(2), 6231(a)(8).

[17]92 T.C. 363 (1989), aff'd without published opinion, 899 F.2d 1225 (9th Cir. 1990).

[*10] also sent FPAAs to the notice partners.[18]  The notice partners argued that the FPAA was invalid because the Commissioner had not appointed a new TMP and that the generic FPAA did not start the statutory period to file a petition.[19]  We held that "the absence of a tax matters partner for Seneca had no adverse effect on petitioners' rights to notice and hearing."  We explained that the notice partners received the FPAA with adequate time to file a petition and, moreover, "[a]ny injury that petitioners suffer as a result of filing their petition out of time was caused by their own inaction and was not caused by respondent's conduct."[20]

Likewise, the FPAAs that the Commissioner sent Mr. Hattler gave him adequate notice of the Commissioner's adjustments for the partnerships and sufficient time to file petitions.  Each FPAA stated that FPAAs had been mailed to the TMP on June 5, 2014, and that Mr. Hattler had to file a petition by the 150th day from the date the FPAA was mailed to the TMP.  The FPAAs explained:  "The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late."  Further, the FPAAs provided Mr. Hattler sufficient time to file petitions and were mailed to him well

---

[18]Seneca, Ltd. v. Commissioner, 92 T.C. at 364.

[19]Seneca, Ltd. v. Commissioner, 92 T.C. at 366.

[20]Seneca, Ltd. v. Commissioner, 92 T.C. at 367-368.

**[*11]** within 60 days from the day that the Commissioner mailed the FPAAs to the TMPs. The Commissioner mailed the Drilling FPAA to Mr. Hattler on June 30, 2014, and mailed both the Berkshire 2006-5 and Gulf FPAAs to Mr. Hattler on July 14, 2014. Mr. Hattler had adequate notice and sufficient time to file petitions by the 150th day.

II.   Mr. Hattler Did Not File the Petitions Within the Statutory Timeframe.

Partners who wish to file a petition challenging an FPAA must do so within the statutory timeframes, otherwise we lack jurisdiction. The TMP has 90 days from the date the Commissioner mailed the FPAA to file a petition.[21] If the TMP does not petition during that time, then any notice partner can file a petition within 60 days following that 90-day period.[22] Our Court is a court of limited jurisdiction

---

[21]Sec. 6226(a).

[22]Sec. 6226(b).

**[\*12]** and can exercise only the jurisdiction provided by Congress through statute.[23] These statutory time limits are jurisdictional, and we cannot expand them.[24]

Mr. Hattler did not file his petitions within the statutory timeframe, and therefore we lack jurisdiction to hear the cases. Mr. Hattler had to file his petitions within 150 days from when the Commissioner mailed the generic FPAAs on June 5, 2014. Because the 150th day fell on Sunday, November 2, 2014, section 7503 extends the deadline until the next day, November 3, 2014. Mr. Hattler did not mail his petitions until November 4, 2014. The Court received the petitions November 5, 2014.[25] Accordingly, we lack jurisdiction.

Mr. Hattler argues that we have sufficient cause to retain jurisdiction under Rule 245(c) and that we should extend the time for him to file his petitions. He is

---

[23]Sec. 7442; Commissioner v. McCoy, 484 U.S. 3, 7 (1987) ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers.") (citing Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943)); Pyo v. Commissioner, 83 T.C. 626, 632 (1984) ("This Court is a court of limited authority and may exercise jurisdiction only to the extent expressly provided by Congress.").

[24]Tempest Assocs., Ltd. v. Commissioner, 94 T.C. 794, 798 (1990); see also Wise Guys Holdings, LLC v. Commissioner, 140 T.C. 193, 199 (2013).

[25]The "timely mailing treated as timely filing" rule does not help Mr. Hattler either because that rule applies only if the petition is timely mailed in the first instance. See sec. 7502(a)(2).

**[*13]** mistaken. Rule 245(c) relates to intervention in a case over which we have jurisdiction; it does not expand our jurisdiction if the petition to commence the case was untimely.

Mr. Hattler further argues that the Commissioner should have allowed the partnerships to deduct theft losses to offset the adjustments made in the FPAAs. We do not address the merits of this argument because we lack jurisdiction.

III.    Conclusion

The law on this issue is clear.  Mr. Hattler had 150 days from the date of mailing of the generic FPAAs to the TMP to petition.  He did not file his petitions within this time.  Accordingly, we lack jurisdiction.

An appropriate order dismissing the case for lack of jurisdiction will be entered in each docket.